Behnisch and wife, Respondents, vs. Cedarburg Dairy Company, Appellant.

*February 6—March 6, 1923.*

*Nuisance: Pollution of watercourse: Prescriptive right: Enlargement of use: Injunction: Abatement of nuisance: Form of judgment: Damages.*

1. If a prescriptive right to pollute the waters of a creek can be acquired, it must necessarily be restricted to its limits when the period of prescription commenced, even though the right be asserted in behalf of the public.
2. A prescriptive right is not enlarged by an enlarged use, during the period of prescription, enjoyed by those who claim it, but is measured by the extent of the use at the commencement of the period.
3. In an action to enjoin a dairy company from maintaining a nuisance by depositing skim milk and refuse in a creek which flowed through plaintiffs' land, a judgment which abated the nuisance and restrained defendant from continuing a practice which had resulted in the creation of the nuisance and which

also required it to fix its septic tanks to comply with the rules of the public board of health and laws of the state, and to connect up with a sewer apparently then in process of construction, was too broad, as it is not for the court to choose the methods by which defendant should proceed to abate the nuisance.

4. Where the evidence showed that the rental value of plaintiffs' premises had been largely diminished during the period complained of, an award of $200 is *held* not excessive.

APPEAL from a judgment of the circuit court for Ozaukee county: C. M. DAVISON, Circuit Judge. *Reversed.*

Nuisance. This action was brought by plaintiffs to enjoin the defendant from creating and maintaining a nuisance, alleged to have been caused by the deposit of large quantities of waste, skimmed milk, and refuse in a creek which flowed from the creamery through lands owned by the plaintiff, resulting in unhealthful and deleterious odors and in damage to the property of the plaintiff. The case was tried by the court without a jury, and findings of fact were filed, by which the court found that plaintiff was the owner of the lands described in the complaint, and

"That upon the lands described aforesaid are the plaintiff's home and business buildings, and where the plaintiff with his family has at all times resided and continues to reside.

"That through the said lands above described and of which the plaintiffs are the owners a creek flows, which said creek consists of spring water, and except for the acts of the defendant above named is of a clear and healthy quality.

"That the defendant was and now is a domestic corporation, organized and existing under and by virtue of the laws of the state of Wisconsin and having its principal place of business at the city of Cedarburg, Wisconsin.

"That the defendant for two years last past has owned and operated and still owns and operates a large manufacturing establishment, to wit, a creamery, in the city of Cedarburg, and that the defendant above named has continuously during the said two years wrongfully and negligently thrown

and emptied into the said creek large quantities of waste and refuse, which is unhealthful and offensive, and that this discharge of waste and refuse was carried down the creek described aforesaid and that said waste and refuse has polluted the waters of said creek, generating a poisonous scum thereon and infecting the air with offensive and noxious smells, to the great detriment of the plaintiffs and their family.

"That the plaintiffs suffered and still suffer a special and peculiar injury resulting from the wrongful acts of the defendant, in that the waters of said creek are rendered unwholesome and poisonous and that the air surrounding the plaintiffs' dwelling has been and is rendered unhealthful, thus reducing the value of their said premises in the sum of $200 by making their said home unfit· for habitation for themselves and their family.

"That the pollution of said creek, described aforesaid, is continuous and constantly recurring and is a nuisance, and that it will work irreparable injury to the plaintiffs and to their said premises and will result in interminable litigation, and that the plaintiffs have no adequate remedy at law."

And made the following conclusions of law:

"That the defendant corporation may discharge cooling water into the creek described aforesaid herein.

"That the defendant corporation fix the septic tank into which it discharges waste, and from which the waste is discharged into the creek, at once. That said septic tank be so repaired and constructed as to comply with the rules and regulations prescribed by the public board of health of the state of Wisconsin, and that it comply with the laws of the state of Wisconsin.

"That the defendant corporation is enjoined and restrained from discharging any milk or whey, or grease from milk, in any form or manner whatsoever into the creek.

"That the defendant company flush the creek whenever ordered to do so by the public board of health or the board of health of the city of Cedarburg, and that the defendant company pay for flushing said creek, and that the defendant place in said creek, where it flows through the premises of the plaintiffs, lime in sufficient quantities to destroy any

oily or greasy scum which may form on the surface of the water in said creek.

"That the defendant corporation ,connect up the sewer leading from their septic tank with the public sewer system in the city of Cedarburg as soon as feasible and as soon as the public sewer system in the city of Cedarburg has been completed, on such conditions and consideration as the city of Cedarburg may demand.

"That the above named plaintiffs do have and recover of the defendant the sum of $200 damages, together with their costs and disbursements herein."

Judgment was entered in conformity to the conclusions of law made by the court. Thereafter the conclusions of law and judgment were modified by adding to subdivision 2 the following:

"That the defendant be and is hereby authorized to discharge its waste wash waters into said creek after passing the same through said septic tank."

From the judgment as modified the defendant appeals.

For the appellant there was a brief by *Gugel & Greenthal* of Milwaukee, and oral argument by *F. H. Gugel*.

*Peter M. Huiras* of Port Washington, for the respondents.

ROSENBERRY, J.   It is the contention of the defendant that it and its predecessors in interest had acquired a prescriptive right to empty waste and wash waters into the creek in question. The failure of the court to so find is assigned as error.   The finding of the court upon this issue is amply supported by the evidence.   The evidence is quite conclusive that the amount of waste water deposited in the creek in question had been largely increased during the two years immediately preceding the commencement of the action. Such being the case, we do not need to consider whether or not the defendant could acquire a prescriptive right to pollute the waters of the stream in question. If a prescriptive

right could be acquired, it must necessarily be restricted to its limits when the period of prescription commenced, even though the right be asserted on behalf of the public. *Platt Bros. & Co. v. Waterbury,* 72 Conn. 531, 45 Atl. 154, 48 L. R. A. 691, and note on p. 705.

A prescriptive right is not enlarged by the enlarged use during the period of prescription, enjoyed by those who claim it, but is measured by the extent of the use at the commencement of the prescriptive period. *Smith v. Russ,* 17 Wis. 227.

The defendant very energetically contends that the emptying of the waste into the creek is but a contributing and not the sole cause of the injury sustained by the plaintiffs. Upon this branch of the case we are of the opinion that the findings of the court are well sustained by the evidence.

The defendant also contends that the judgment is too broad, and with this contention we agree. The action was begun to secure an abatement of a nuisance and to restrain the defendant from continuing a practice which had resulted in the creation of a nuisance. By the judgment the defendant is required to fix its septic tank to comply with the rules of the public board of health and the laws of the state of Wisconsin, is required to flush the creek whenever ordered to do so by the public board of health or the board of health of the city of Cedarburg, and is required to connect up with the sewer apparently then in process of construction. We find no warrant for a judgment of this kind. If the defendant is maintaining a nuisance as the court found, the judgment should require it to abate the nuisance and to refrain from doing the things which resulted in the creation of the nuisance. The means whereby this end is to be attained are in general to be chosen by the defendant. It may abate the nuisance either by ceasing to deposit waste material in the creek, by so treating it that it no

longer causes a nuisance, or in any other way that it sees
fit. It is not for the court to choose the method by which
the defendant shall proceed. A considerable search has re-
vealed no authority for a judgment of this kind. Nor can
the court permit by its judgment the deposit of waters in
the creek if they contain waste matter which tends to create
a nuisance, and if the water so deposited contains no such
material the defendant does not have to procure a license
from the court in order to have the right to discharge such
water into the creek. The allegation of the complaint is
that "said defendants have continuously during said two
years wrongfully and negligently thrown and emptied into
the said creek and continues to empty therein large quan-
tities of waste, skimmed milk and refuse, which are of-
fensive and unhealthful," etc. The court finds "that the
defendant above named has continuously during the said
two years wrongfully and negligently thrown and emptied
into the said creek large quantities of waste and refuse,
which is unhealthful and offensive," etc.

It is to abate the nuisance created by these wrongful and
negligent acts and to restrain a continuance of such acts
that the jurisdiction of the court is invoked. Under cover
of abating a nuisance and restraining acts which create a
nuisance the court cannot exercise a managerial power over
the conduct of the defendant.

It is also contended that the amount of damages found
is excessive and not warranted by the evidence. The evi-
dence shows quite clearly that the rental value of the
premises has been largely diminished during the period
complained of, and the evidence, in our opinion, would have
sustained a judgment for even a larger amount of damages.
The judgment should have been limited to the abatement
of the nuisance created by the wrongful and negligent acts
of the defendant and to restraining such wrongful and
negligent acts in the future. The judgment will be reversed,

with directions to the trial court to enter judgment as indicated in accordance with this opinion in favor of the plaintiffs and against the defendant.

*By the Court.*—It is so ordered.   Defendant will recover its costs in this court.