THOMAS and another, Appellants, vs. VILLAGE OF CLEAR LAKE, Respondent.*

*September 14—October 11, 1955.*

* Motion for rehearing denied, without costs, on December 6, 1955.

For the appellants there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *John Doar*.

For the respondent there was a brief and oral argument by *E. Nelton* of Balsam Lake.

STEINLE, J.   The plaintiffs seek a permanent injunction and damages.   An injunction had previously issued.   It was not challenged by appeal.   If the previous injunction is a permanent one, then manifestly it was in force when the present injunction was sought.

This court has heretofore held that a permanent injunction may be issued where a nuisance of the type as here, is found to exist. *Briggson v. Viroqua* (1953), 264 Wis. 47, 58 N. W. (2d) 546.   In its judgment in the original action directing an abatement of the nuisance, the language employed by the court is substantially the same as that in *Briggson v. Viroqua, supra,* whereby it was intended to permanently restrain the nuisance.   We are obliged to conclude that the injunction issued in the first action was of a permanent nature and that it was in force and effect when the present injunction was applied for.

In the present application the plaintiffs seek restraint of the discharge of the water from the sewerage-disposal plant upon their land unless the water is discharged by means of a tiled drainage ditch.   Relief of that kind was neither sought

nor granted in the first action. They maintained that since the relief sought is different than that which was heretofore granted, the court was not justified in granting the summary judgment. Notwithstanding that the injunctional relief sought is of a different nature than was granted originally, the plaintiffs are not entitled thereto. In the issuance of an injunction to abate a nuisance, the court is not permitted to designate the means whereby the nuisance is to be abated. In *Behnisch v. Cedarburg Dairy Co.* (1923), 180 Wis. 34, 192 N. W. 447, the application was to enjoin a dairy company from maintaining a nuisance by depositing skim milk and refuse in a creek which flowed through plaintiffs' land. The judgment directed the dairy company not only to discontinue the practice which had resulted in the nuisance, but also required it to fix its septic tanks to comply with the rules of the public board of health and laws of the state, and to connect up the sewer leading from the septic tanks with the public sewerage system then in process of construction. This court held that it was not within the province of the trial court to have directed the method by which the dairy company was to proceed in abating the nuisance. At page 38 the court said:

"We find no warrant for a judgment of this kind. If the defendant is maintaining a nuisance as the court found, the judgment should require it to abate the nuisance and to refrain from doing the things which resulted in the creation of the nuisance. The means whereby this end is to be attained are in general to be chosen by the defendant. It may abate the nuisance either by ceasing to deposit waste material in the creek, by so treating it that it no longer causes a nuisance, or in any other way that it sees fit. It is not for the court to choose the method by which the defendant shall proceed."

In the instant case the court was without power to direct that the village be obliged to tile the ditch. It could not issue a valid order directing that as an alternative to discharging water from the disposal plant across the plaintiffs' premises

resulting in a nuisance, the village be obliged to tile the ditch. As in *Behnisch v. Cedarburg Dairy Co., supra,* the court was limited to the extent of requiring that the village abate the nuisance.

Had the trial court been called upon only to determine the application for the injunction, then clearly its dismissal of the complaint would have been justified.

However, in addition to the application for an injunctional order, the plaintiffs in the present action seek damages of $5,000. Notwithstanding its dismissal of the complaint, the court reserved to the plaintiffs the right in a separate action to establish damages which may have been incurred by them as a result of the nuisance with respect to the period beginning January 1, 1951, and ending August 24, 1953.

We are aware of no rule that prevents the court from determining in this action the damages claimed in the complaint. Summary judgment may be granted only when there is no substantial issue of fact to be determined. *Parish v. Awschu Properties, Inc.* (1945), 247 Wis. 166, 19 N. W. (2d) 276. Since determination of damages presents an issue of fact, the motion for summary judgment should have been denied.

Apparently the court was concerned as to whether judgment for permanent damages could be granted in view of the existing injunction. In *Briggson v. Viroqua, supra,* where the plaintiffs had sought the abatement of the nuisance and the recovery of damages for injury to their land as the result of the nuisance, we held that they were not required to proceed under the statutes relating to eminent domain, ch. 32, sec. 32.04, Stats., but that they could bring an action for the permanent abatement of such nuisance and for the recovery of permanent damages. See also *Kamke v. Clark* (1955), 268 Wis. 465, 67 N. W. (2d) 841, 68 N. W. (2d) 727. In *Briggson v. Viroqua, supra,* we also held that if substantial redress can be afforded by an award of permanent

damages, and if the issuance of a permanent injunction would subject the defendant to disproportionate hardship, the injunction may be denied by the court, although the wrongful acts are undisputable.

In the present situation the plaintiffs are not precluded from having a determination of permanent damages in this action. Should damages of that nature be assessed, then a continuance of the permanent injunction will be subject to the equitable considerations which the court may determine exist.

*By the Court.*—Judgment reversed, with directions that it be vacated and that further proceedings be held according to law.