HILLCREST GOLF & COUNTRY CLUB,
Plaintiff-Appellant,

v.

CITY OF ALTOONA, Owen Ayres & Associates,
Inc.,†and Wausau Insurance Companies,
Defendants-Respondents,

Wayne JENSEN and Anita M. Jensen, Defendants.

Court of Appeals

*No. 86–0138. Orally Argued October 8, 1986.—Decided December 9,
1986.*

(Also reported in 400 N.W.2d 493.)

---

†Petition to review denied.

431

For the plaintiff-appellant, Hillcrest Golf & Country Club, there were briefs and oral argument by *Dennis M. Sullivan* of *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.* of Eau Claire.

For the defendant-respondent, Owen Ayres & Associates, Inc., there was a brief and oral argument by *Eric J. Wahl* of *Wahl and Wahl* of Eau Claire.

For the defendants-respondents, City of Altoona and Wausau Insurance Companies, there was a brief submitted by *David Topczewski* and *Holly Lutz* of *Law Offices of Straub & Schuch* of Wausau, and orally argued by: *Holly Lutz.*

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Hillcrest Golf & Country Club appeals a judgment on the pleadings dismissing its complaint for failure to state a claim. Hillcrest argues that its complaint alleges facts sufficient to support causes of action under theories of inverse condemnation, nuisance, negligence, trespass, and violation of civil rights under 42 U.S.C.A. sec. 1983 (West Supp. 1986). Because we conclude that Hillcrest's complaint is sufficient to state a cause of action in inverse condemnation or private nuisance, we affirm in part and reverse in part the circuit court's judgment of dismissal. Accordingly, we remand for further proceedings.

Hillcrest alleges that Wayne and Anita Jensen, owners and developers of a subdivision called Knollwood Village, obtained approval from Altoona and the State of Wisconsin for development of the subdivision.

Hillcrest further alleges that the Jensens contracted with Owen Ayres & Associates, Inc., for design of the subdivision's storm sewers. Accòrding to the pleadings, Altoona approved the plans and installed them as designed. Where the arguments of Altoona, Ayres, and Altoona's insurer are essentially the same, we refer to these parties collectively as "Altoona." The Jensens did not submit a brief for this appeal.

Hillcrest alleges that the subdivision's streets and sewer system collected rain water that had previously evaporated or percolated harmlessly into the soil. The collected water was allegedly discharged through a culvert and then onto Hillcrest's land. Hillcrest claims that this water flow has "eroded substantial portions of the plaintiff's land, leaving huge gullies where said land previously existed, rendering said land area unfit for any use and rendering the remainder of the plaintiff's land unfit for use as a golf course."

When reviewing a dismissal for failure to state a claim, the appellate court must accept as true the facts pleaded and all reasonable inferences to be drawn from those facts. *Hartridge v. State Farm Mutual Automobile Insurance Co.*, 86 Wis. 2d 1, 4–5, 271 N.W.2d 598, 599 (1978). We will affirm the judgment of dismissal only if it is clear that under no conditions could the plaintiff recover. *Quesenberry v. Milwaukee County*, 106 Wis. 2d 685, 690, 317 N.W.2d 468, 471 (1982). The complaint must be given a liberal construction in favor of stating a claim. *Alonge v. Rodriquez*, 89 Wis. 2d 544, 552, 279 N.W.2d 207, 212 (1979).

The question before us is whether Hillcrest's complaint states a cause of action. If the facts as pleaded

reveal an apparent right to recover under any legal theory, they are sufficient as a cause of action. *Jost v. Dairyland Power Cooperative*, 45 Wis. 2d 164, 169, 172 N.W.2d 647, 650 (1969).

## INVERSE CONDEMNATION

We first conclude that Hillcrest's complaint states a cause of action for "inverse condemnation" under sec. 32.10, Stats.[1] Section 32.10 provides:

> If any property has been occupied by a person possessing the power of condemnation and if the person has not exercised the power, the owner, to institute condemnation proceedings, shall present a verified petition to the circuit judge of the county wherein the land is situated asking that such proceedings be commenced . . . The court shall make a finding of whether the defendant is occupying the property of the plaintiff without having the right to do so . . . .

Altoona claims that Hillcrest's inverse condemnation claim must fail because Hillcrest has not alleged that it has been deprived "of all, or practically all, of the beneficial use of [its] property or any part thereof." In *Maxey v. Redevelopment Authority of Racine*, 94 Wis. 2d 375, 288 N.W.2d 794 (1980), the court determined that a theater owner who was denied renewal of his theater license by the city's urban renewal authority had demonstrated a taking and was thus entitled to maintain an inverse condemnation suit. *Id.* at 392, 288 N.W.2d at 802. The court held that the city's refusal to

---

[1] "Inverse condemnation" is the name commonly used to describe an action commenced by a property owner to recover for an alleged uncompensated taking by a public body. *See* sec. 32.10, Stats.

renew the license before condemning his property denied the owner a substantial portion of the beneficial use of his interest in the theater. *Id.* at 390, 288 N.W.2d at 801. Here, Hillcrest alleges that Altoona's sewer system has caused erosion "rendering said land unfit for any use and rendering the remainder of the plaintiff's land unfit for use as a golf course."

We see no legal distinction between a municipality's acting to deny an owner beneficial use of his building as a theater and a municipality's actions denying a landowner beneficial use of its land as a golf course. Prior case law supports our conclusion. *See, e.g., Benka v. Consolidated Water Power Co.*, 198 Wis. 472, 474, 224 N.W. 718, 719 (1929). In *Benka,* the court held that a utility's flooding of portions of the plaintiff's land through the operation of a dam constituted a taking. If Hillcrest's allegations are true, Altoona has taken Hillcrest's land without compensation.

Altoona summarily asserts that Hillcrest has failed to observe the procedural requirements of sec. 32.10.[2] This contention is without merit. Section 32.10 requires the property owner to present a verified petition to the circuit court identifying the affected land, and requesting that the court begin inverse condemna-

---

[2] Section 32.10, Stats., provides in pertinent part:

The petition shall describe the land, state the person against which the condemnation proceedings are instituted and the use to which it has been put or is designed to have been put by the person against which the proceedings are instituted. A copy of the petition shall be served upon the person who has occupied petitioner's land, or interest in land. The petition shall be filed in the office of the clerk of the circuit court and thereupon the matter shall be deemed an action at law and at issue, with petitioner as plaintiff and the occupying person as defendant.

tion proceedings. The statute further requires a copy of the petition to be served on the person who has occupied the petitioner's interest in land. Hillcrest's pleadings describe the affected land in sufficient detail. *See Lenz v. Chicago & N.W. Ry.*, 111 Wis. 198, 207-08, 86 N.W. 607, 610 (1901). Moreover, because the pleadings placed Hillcrest's inverse condemnation claim before the circuit court and the parties, and because Hillcrest alleges that it filed a timely notice of claim with Altoona,[3] we determine that Hillcrest's complaint satisfies the objectives of the statute's procedural requirements. *See Kroll v. Bartell*, 101 Wis. 2d 296, 305-06, 304 N.W.2d 175, 179 (Ct. App. 1981). A court must disregard any error, at any stage of the proceedings, that does not affect the substantial rights of the adverse party. Section 805.18(1), Stats. Hillcrest's timely notice of claim or timely actual notice avoid the possibility of prejudice to the adverse parties in this action.

## NUISANCE

Next, Hillcrest alleges that Altoona created and maintained a private nuisance, committed trespass, and acted negligently by collecting and diverting water onto Hillcrest's land. Altoona contends that the design, approval and construction of a sewer system are legislative functions. Accordingly, the city claims that regardless of the theory pleaded, sec. 893.80(4), Stats., prohibits suit against any public body for damages caused through the exercise of its legislative functions. Although the theoretical outlines of nuisance, negligence

---

[3] *See Olsen v. Township of Spooner*, 133 Wis. 2d 371, 395 N.W.2d 808 (Ct. App. 1986), holding that sec. 893.80(1)(a) requires timely notice of claim for actions under sec. 32.10.

and trespass overlap and are often blurred by the issue of governmental immunity, we conclude that the pleadings state a claim under the theory of private nuisance, unaffected by Altoona's asserted immunity.

Neither sec. 893.80(4) nor the common law immunity that predated its enactment empowered a public body to create or maintain a nuisance. *See Winchell v. City of Waukesha*, 110 Wis. 101, 109, 85 N.W. 668, 670 (1901). *Winchell* upheld the trial court's injunction prohibiting the city from collecting and channeling raw sewage directly into a stream that flowed past the plaintiff's farm. The court recognized a public body's immunity from suit for exercising its legislative authority. *Id.* at 107–08, 85 N.W. at 669–70. But *Winchell* firmly rejected the notion that a public body's legislative authority shielded it from private nuisance suits. The court stated:

> The great weight of authority, American and English, supports the view that legislative authority to install a sewer system carries no implication of authority to create or maintain a nuisance, *and that it matters not whether such nuisance results from negligence or from the plan adopted.* If such nuisance be created, the same remedies may be invoked as if the perpetrator were an individual.

*Id.* at 109, 85 N.W. at 670 [emphasis added].

Although more recent case law has altered governmental immunity, a public body's immunity for its legislative actions is unaffected. In 1962, our supreme court abrogated the judge-made rule of governmental immunity from tort suits. *Holytz v. City of Milwaukee*, 17 Wis. 2d 26, 32–33, 115 N.W.2d 618, 620 (1962). *Holytz* reversed the trial court's dismissal of a complaint alleging that city employees had negligently left open a large

438

trap door covering a water meter. The complaint alleged that the cover, located near a drinking fountain in a city playground, fell on the plaintiff's hands and injured her.

Although rejecting the city's claim of immunity against this alleged negligence, the *Holytz* court also limited the effect of its decision. *Holytz* did not expose governments to liability for all harms, it merely allowed the government to be sued for tortious harms. *Id.* at 39, 115 N.W.2d at 625. Significantly, the court held that the decision did not impose liability on a public body in the exercise of its legislative, judicial, quasi-legislative, or quasi-judicial functions. *Id.* at 40, 115 N.W.2d at 625. Thus, *Holytz* reinforced a public body's traditional immunity from liability in the performance of legislative and judicial functions.

In 1963, the legislature effectively codified *Holytz* by enacting sec. 331.43, Stats., the predecessor to today's sec. 893.80. Section 331.43, ch. 198, Laws of 1963 (published July 26, 1963). In addition to imposing certain procedural requirements for suits against public bodies, the statute restated the rule that no suit may be brought against a public body for the exercise of its legislative, judicial, quasi-legislative, or quasi-judicial functions. *Id.* Thus, the statute recognized the *Holytz* abrogation of tort immunity while it also codified the traditional immunities protecting public bodies from suit for exercising legislative and judicial functions. However, the statute neither created nor enlarged a public body's immunity from private nuisance suits. The law of governmental immunity as it relates to private nuisance suits remains unchanged since the *Winchell* decision. The creation and maintenance of private nui-

sances are simply not recognized as legislative acts subject to protection under sec. 893.80(4).

The following year, our supreme court upheld an injunction prohibiting the City of Fond du Lac from maintaining a private nuisance. *Costas v. City of Fond du Lac*, 24 Wis. 2d 409, 418-19, 129 N.W.2d 217,. 222 (1964).[4] In *Costas*, a motel owner brought suit against the city for its operation of a sewage treatment plant. The plant produced an unbearable odor that blew over the plaintiff's property and affected his customers and business. *Id.* at 412, 129 N.W.2d at 219. Although the city argued that the nuisance was public and not private, the court held that because the nuisance affected the plaintiff to a greater degree than others, he was entitled to sue under the theory of private nuisance. *Id.* at 414, 129 N.W.2d at 220.

*Costas* defined a nuisance as a material and unreasonable impairment of the right of enjoyment or the individual's right to the reasonable use of his property or the impairment of its value. *Id.* at 414, 129 N.W.2d at 219-20. Although the city claimed immunity, the *Costas* court quoted *Winchell* for the proposition that legislative authority imparts no immunity from creating or maintaining a nuisance. *Costas*, 24 Wis. 2d at 416, 129 N.W.2d at 221. The court held that the city's legislative approval of the method of operating the plant was no shield to a nuisance action. *Id.* The court also denied the city's argument that because it operated the plant

---

[4] The nuisance in *Costas* continued unabated at least through the tourist season of 1963. *Costas*, 24 Wis. 2d at 414, 129 N.W.2d at 220. Thus, neither *Holytz* (applied prospectively from July 15, 1962) nor sec. 331.43, Stats. (published July 26, 1963), could have affected the *Costas* holding that immunity does not bar a private nuisance action.

within applicable state regulations, the plant could not constitute a nuisance. *Id.* at 415, 129 N.W.2d at 220. *Costas* thus recognized that neither statutory nor common law immunity empowered a public body to create or maintain a private nuisance, regardless of the legislative origins of that nuisance.

Altoona, however, argues that this case is governed by *Lange v. Town of Norway*, 77 Wis. 2d 313, 253 N.W.2d 240 (1977). We disagree. In *Lange*, our supreme court held that a public body's mere acquisition of a privately owned dam that had caused flooding was immune from a public nuisance suit because of the legislative character of that acquisition. *Id.* at 319–20, 253 N.W.2d at 244. *Lange* held that in order to avoid immunity for the exercise of a legislative function, the plaintiff would have to plead the public body's negligent operation of the dam. The *Lange* court held that if the plaintiff's public nuisance claim rested solely on the public body's intentional conduct in acquiring the dam, sec. 895.43, Stats.,[5] provided immunity for the exercise of a legislative function. *Id.* at 321, 253 N.W.2d at 244.

Because *Lange* simply states that immunity precludes a public nuisance claim challenging a public body's legislative acts, it does not apply to the instant facts. Neither statutory nor traditional common law immunity protects Altoona from a properly pleaded cause of action in private nuisance. We also conclude that Hillcrest's pleadings state a claim in private nuisance because the pleadings allege a unique injury depriving it of the reasonable use of its property. *See Costas*, 24 Wis. 2d at 414, 129 N.W.2d at 219–20.

[5] Section 895.43 was later renumbered sec. 893.80. Section 29, ch. 323, Laws of 1979.

## NEGLIGENT DESIGN

In its complaint, Hillcrest merely alleges the negligent design of the sewer system. The design of a sewer system is a legislative act. *Allstate Insurance Co. v. Metropolitan Sewerage Commission*, 80 Wis. 2d 10, 15-16, 258 N.W.2d 148, 150 (1977). Accordingly, the trial court correctly concluded that Altoona has immunity from claimed negligent design and properly dismissed this cause of action. *See id.*; *see also Lange*, 77 Wis. 2d at 321-22, 253 N.W.2d at 245.

## TRESPASS

Although it may be argued that Altoona trespassed on Hillcrest's land by collecting and diverting the water, Hillcrest's cause of action in trespass is effectively subsumed by its allegation of private nuisance. *See* W. Prosser and W. Keeton, *The Law of Torts*, sec. 87 at 594 (5th ed. 1984). Accordingly, we find it unnecessary to examine Hillcrest's trespass claim.

## 42 U.S.C.A. SEC. 1983 ACTION[6]

Because we determine that Hillcrest's pleadings state claims in inverse condemnation and nuisance, we

---

[6] 42 U.S.C.A., sec. 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

conclude that a sec. 1983 action is unavailable. A sec. 1983 remedy for a negligent deprivation of constitutional rights is generally available only where no adequate state remedy exists. *Parratt v. Taylor*, 451 U.S. 527, 544 (1981). Therefore, the trial court properly dismissed Hillcrest's 1983 action.

## SUMMARY JUDGMENT ANALYSIS

Finally, Ayres urges us to consider an affidavit included in its motion to dismiss alleging that it was never a party to a contract with the Jensens and that all its actions involving the sewer system were performed in its role as city engineer. This is an appeal from a judgment on the pleadings. Section 802.06, Stats. Although a motion for judgment on the pleadings may be treated as a motion for summary judgment, a court must first provide all parties with a reasonable opportunity to present pertinent material. Sections 802.06(3) and 802.08, Stats. Because Hillcrest has not had an opportunity to respond to Ayres' affidavit, summary judgment would be premature.

We therefore affirm in part and reverse in part the circuit court's judgment of dismissal on the pleadings, and we remand for further proceedings.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded for further proceedings.