Lisa MENICK, Plaintiff-Appellant,

v.

CITY OF MENASHA, Defendant-Respondent,

STATE FARM FIRE & CASUALTY COMPANY, Defendant.

Court of Appeals

*No. 95–0185. Submitted on briefs November 3, 1995.—Decided March 6, 1996.*

(Also reported in 547 N.W.2d 778.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John R. Monroe* of DeForest.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Peter M. Farb* of *Gabert, Williams & Farb* of Appleton.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J.   Lisa Menick appeals from an order granting summary judgment to the City of Menasha. Menick brought an action against the City after raw sewage from the city's sewer system had twice flooded her basement. In the complaint, Menick alleged that the City was responsible because the flooding was: (1) a taking under the Fifth Amendment of the United States Constitution; (2) a deprivation of property in violation of 42 U.S.C. § 1983; (3) a taking under Article I, Section 13 of the Wisconsin Constitution; (4) an interference with real property under § 844.01, STATS.; and (5) a private nuisance. We conclude that summary judgment was proper as to all theories of liability and affirm.

In June 1993, the city sewer system flooded several residents' homes with raw sewage, including Menick's. The flood damaged carpeting, flooring and walls in Menick's finished basement, as well as items of personal property. In spite of professional cleaning, a foul smell from the sewage persisted for weeks.

In July 1993, the previous flooding repeated itself. Menick filed a lawsuit against the City. She subsequently filed a motion for summary judgment which the City opposed, claiming that there existed genuine issues of material fact. After the denial of Menick's motion and following discovery, the City moved for summary judgment. Menick opposed that motion and renewed her earlier motion. The City was granted summary judgment as to all claims and this appeal followed.

The review of a grant of summary judgment is governed by the standard set out in § 802.08(2), STATS. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Our review of a trial court's grant of summary judgment is de novo. *See id.* Summary judgment must be granted if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

Menick first contends that as a result of the flooding, the City took her property without compensation in violation of the Fifth Amendment of the United States Constitution. She relies on *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 441 (1982), in which the Supreme Court applied well-settled case law in determining that the installation of cable lines on privately-owned buildings was a permanent invasion, and thus was compensable as a taking. Menick contends that under *Loretto,* there is no constitutional difference between a permanent and a temporary physical occupation. We disagree. *Loretto* states:

> [T]his Court has consistently distinguished between flooding cases involving a permanent physical occupation, on the one hand, and cases involving a more temporary invasion. . . . A taking has always been found only in the former situation. . . . [T]o be a taking, flooding must constitute an actual, permanent invasion of the land, amounting to an appropriation of, and not merely an injury to, the property.

*Id.* at 428 (citations and quotation omitted). The flooding of the basement was not a permanent physical occupation of Menick's property. The first episode occurred while Menick was away; by the time she returned home, the flooding had subsided. The second incident also spontaneously receded. Under the test required by *Loretto,* no taking occurred.

Menick next argues that the City violated her civil rights under 42 U.S.C. § 1983. A claim under this section must include a federal constitutional basis for the claim. *See Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617-18 (1979). It must also assert that there is an inadequate state remedy for the claim. *See New Burnham Prairie Homes, Inc. v. Village of Burnham,* 910 F.2d 1474, 1481 (7th Cir. 1990). As to both requirements, Menick's claim fails.

The constitutional basis for Menick's claim is a taking contrary to the Fifth Amendment. As discussed above, that claim is without legal merit. Menick disputes the existence of adequate state remedies for her claims when she argues that "[t]he trial court granted summary judgment to Respondent on each of Appellant's state law claims. In effect, the court has ruled that there are no remedies to be had under state law."

We do not agree that a finding that her state law claims lack merit can be translated as an absence of state law remedies. Menick's 42 U.S.C. § 1983 claim fails.

The third basis for asserting this claim is that the flooding constituted a taking under Article I, Section 13 of the Wisconsin Constitution. This constitutional provision was extensively addressed in *Wisconsin Power & Light Co. v. Columbia County*, 3 Wis. 2d 1, 87 N.W.2d 279 (1958). There, the court noted that this section of the Wisconsin Constitution provides that "the property of no person shall be *taken* for public use without just compensation therefor *without mention of damage*." *Id.* at 6, 87 N.W.2d at 281-82 (quotations and citations omitted; second emphasis added).

This rule was restated more recently in *Public Serv. Corp. v. Marathon County*, 75 Wis. 2d 442, 249 N.W.2d 543 (1977). There, the court succinctly stated, "Wisconsin compensates only a taking, not mere damage to the property." *Id.* at 447, 249 N.W.2d at 545. We conclude that the temporary flooding of Menick's basement cannot be claimed a taking under the Wisconsin Constitution. Mere damage is not compensable as a taking.

Menick's final two theories of liability are interrelated. She argues that she should be allowed to bring this action as the flooding was a private nuisance and was also in violation of § 844.01, STATS., termed the "nuisance statute" by the trial court. The City argues that § 844.01 is not available as a statutory cause of action, and even if it were, the City has immunity for this action under § 893.80, STATS.

While we conclude that the City cannot claim immunity against the assertion of a private nuisance

action, we agree that § 844.01, STATS., does not confer a statutory basis for this claim. Furthermore, while there exists a cause of action in private nuisance, we conclude that Menick's failure to offer an expert's opinion as to the legal cause of the flooding defeats her claim.

Section 893.80(4), STATS., confers immunity "for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." In *Hillcrest Golf & Country Club v. City of Altoona,* 135 Wis. 2d 431, 434, 400 N.W.2d 493, 495 (Ct. App. 1986), the claim was that a subdivision's sewer system which collected rainwater and discharged it onto the plaintiff's land, resulting in substantial erosion and rendering the land unusable, was actionable as a private nuisance. The municipality argued that the design, approval and construction of a sewer system are legislative functions, properly immunized under § 893.80(4). *Hillcrest,* 135 Wis. 2d at 437, 400 N.W.2d at 496. In reaching a determination that the municipality was not immune to suit, the court noted:

> The great weight of authority ... supports the view that legislative authority to install a sewer system carries no implication of authority to create or maintain a nuisance ....

*Id.* at 438, 400 N.W.2d at 497. We conclude that while the decision to install and provide a sewer system in a community is a discretionary decision, there is no discretion as to maintaining the system so as not to cause injury to residents. The actions of the City in operating and maintaining the sewer system do not fall within the immunity provisions of § 893.80.

Having concluded that the City cannot claim municipal immunity, we next examine Menick's alter-

nate theories of liability, statutory nuisance under § 844.01, STATS., or private nuisance.

■

The statutory nuisance claim is premised on § 844.01, STATS., which provides in relevant part:

**Physical injury to, or interference with, real property. (1)** Any person owning or claiming an interest in real property may bring an action claiming physical injury to, or interference with, the property or the person's interest therein; the action may be to redress past injury, to restrain further injury, to abate the source of injury, or for other appropriate relief.

A determination of whether this statute supports Menick's claim requires the interpretation of a statute. This presents a question of law which we decide without deference to the trial court. *Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Menick contends that "[t]he statute authorizes a cause of action for physical injury to real property, and for interference with the use of real property." This is similar to a claim raised in *Shanak v. City of Waupaca,* 185 Wis. 2d 568, 595, 518 N.W.2d 310, 320 (Ct. App. 1994), in which it was claimed that "§ 844.01, STATS., grants to any person claiming an interest in real property a basis for injunctive relief abating an interference with property rights of that person."

■

In construing this statute, the court there determined that this section was originally enacted as a "recodification of the law on real property" and that it set out "real property remedies obtainable by a lawsuit and the legal procedure to be used to obtain the reme-

dies." *Shanak*, 185 Wis. 2d at 596, 518 N.W.2d at 320 (quoted source omitted). The *Shanak* court then held:

> Section 844.01(1), STATS., creates no rights or duties. It does not purport to create a cause of action. It is a remedial and procedural statute.

*Id.* at 596, 518 N.W.2d at 320. Menick cannot base her claim on the provisions of § 844.01.

Menick's final theory is that the flooding constituted a private nuisance for which the City is liable. Under *Wisconsin Power & Light*, 3 Wis. 2d at 11, 87 N.W.2d at 284, the court adopted the then-current Restatement definition of a private nuisance as the correct rule. Under that definition a plaintiff must show, inter alia, that the "actor's conduct is a legal cause of the invasion." *Id.* This requires a showing that:

> (1)   the invasion is intentional and unreasonable, or
>
> (2)   unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct.

*Id.* Based on Menick's sworn statement, there is no claim that the flooding was intentional. Therefore, she must show that the flooding was caused by the City and that the City was either negligent, reckless or engaged in an ultrahazardous activity. Under these facts, the trial court found, and we agree, that the only applicable theory is one of negligence.

A showing of negligence requires proof of causation. *Collins v. Eli Lilly Co.*, 116 Wis. 2d 166, 181-82, 342 N.W.2d 37, 45, *cert. denied sub nom. E.R. Squibb & Sons v. Collins*, 469 U.S. 826 (1984). The party with the burden of proof on an element must establish that

there is a genuine issue of fact by submitting evidence setting forth specific facts material to that element. *See Transportation Ins. Co. v. Hunzinger Constr. Co.*, 179 Wis. 2d 281, 290, 507 N.W.2d 136, 139 (Ct. App. 1993); *see also* § 802.08(3), STATS. Expert testimony is required to prove causation if the matter does not fall within the realm of ordinary experience and lay comprehension. *White v. Leeder*, 149 Wis. 2d 948, 960, 440 N.W.2d 557, 562 (1989).

Menick has the burden of proving that the flooding was caused by the negligence of the City. Our review of the record shows that she has failed to provide any expert testimony or to advance any theory of liability supported by specific allegations of negligent actions on the part of the City.

Instead, Menick grounds her case on a theory of strict liability. She argues that because the City operates the sewer system and sewage backed up into her residence, the City is therefore negligent. According to Menick, "The concept of a sewer or drain backing up is not outside the general understanding of people . . . requir[ing] expert testimony."

Menick further asserts that even if this court concludes that lay witnesses cannot prove causation, "then Appellant should be allowed to prosecute her case under a theory of res ipsa loquitur." While there is no dispute that the City's sewer system was the conduit for sewage to enter Menick's residence, that fact does not satisfy the requirement that the City's actions are the *legal cause* of the backup. *See Wisconsin Power & Light*, 3 Wis. 2d at 11, 87 N.W.2d at 284.

There were affidavits submitted that the rainfall recorded during the two episodes was unprecedented. There was an affidavit from the street superintendent that the City activated an auxiliary pump for over

twenty-two hours on June 18 and 19, which diverted more than one million gallons of water. This affidavit also stated that on the dates in question there was no blockage of the sewer main which serviced Menick's residence.

Given the undisputed facts, a jury could properly infer that the heavy rains alone resulted in an overload of the system. "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Merco Distrib. Corp. v. Commercial Police Alarm Co.*, 84 Wis. 2d 455, 460, 267 N.W.2d 652, 655 (1978) (quoted source omitted).

Under the Restatement rule defining a private nuisance, a showing of negligence requires proof of causation. We conclude, as did the trial court, that Menick has not met this burden. She has failed to offer any substantiated theories of negligence implicating the actions of the City, and summary judgment for the City was properly granted.

*By the Court.*—Order affirmed.