Thomas N. PETERSEN, Plaintiff-Appellant,

v.

DANE COUNTY and Town of Christiana,
Defendants-Respondents.

Court of Appeals

*No. 85–1340. Submitted on briefs September 4, 1986.—Decided
January 27, 1987.*

(Also reported in 402 N.W.2d 376.)

For the plaintiff-appellant the cause was submitted on the briefs of *Francis J. Eustice* and *Aulik, Brill & Eustice, S.C.* of Sun Prairie.

For the defendant-respondent, Dane County, the cause was submitted on the brief of *Judith H. Toole*, assistant corporation counsel.

For the defendant-respondent, Town of Christiana, the cause was submitted on the brief of *Michael D. Rumpf* and *Rumpf Law Offices* of Cambridge.

Before Gartzke, P.J., Eich and Sundby, JJ.

SUNDBY, J. Thomas Petersen appeals from a judgment declaring that: (1) the Town of Christiana did not act capriciously, unreasonably or arbitrarily in disapproving his petition for rezoning under the Dane County zoning ordinance; (2) he is not entitled to damages through inverse condemnation; and (3) he is not entitled to the relief he seeks. The principal issues on appeal are the constitutionality of the A-1 Agriculture (Exclusive) classification as applied to Petersen's

land, whether his land was "taken" by the zoning restriction so as to entitle him to just compensation, and whether the town board acted arbitrarily, capriciously, unreasonably and contrary to the ordinance and the town's land use plan in disapproving his petition. We affirm.

Petersen owns a two-acre parcel of land in the Town of Christiana, Dane County, which is zoned A-1 Agriculture (Exclusive). His parcel was created by an illegal division of a ten-acre parcel by his predecessor in title. Petersen sought to have the parcel rezoned to permit residential uses.

### RIGHT TO APPLY FOR REZONING

The trial court held that Petersen is estopped from seeking the requested rezoning because his predecessor in title failed to obtain an approved certified survey map for the parcel sought to be rezoned and the town board cannot act without the map. The doctrine of estoppel does not apply because an element essential to the doctrine—reliance—is missing. *See City of Milwaukee v. Milwaukee County,* 27 Wis. 2d 53, 66, 133 N.W.2d 393, 400 (1965). Petersen and his predecessors have not taken action on which the town and county relied to their detriment. We consider the question to be whether the county and the town may entertain a rezoning request if the applicant does not present an approved certified survey map.

We agree with Petersen that the town board cannot disapprove a petition to rezone because an approved certified survey map is not presented. No

such requirement is imposed by statute or ordinance. Norbert Scribner, Dane County plat review officer, testified that an undersized lot must be rezoned to a classification to which the lot size conforms before a certified survey map may be presented for approval. Dane County agrees that Petersen is entitled to apply to the county to rezone his property even though he cannot present an approved certified survey map. The trial court's error in this respect does not require reversal or modification of the judgment. We have the power to affirm a judgment, though errors be found, if the judgment is right on the pleadings and the evidence. *State v. Alles*, 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982).

## INVERSE CONDEMNATION

Petersen asserts that the degree of taking here is almost identical to that which occurred in *State ex rel. Nagawicka Is. Corp. v. Delafield*, 117 Wis. 2d 23, 343 N.W.2d 816 (Ct. App. 1983). He describes his two-acre parcel as "very similarly situated" to the *Nagawicka Is.* property. He asks that we award him damages for the "taking" of his lot. We conclude Petersen may not claim monetary damages for a regulatory taking because his hardship is self-created and his claim is premature.

### Self-Created Hardship

In *Nagawicka Is.*, 117 Wis. 2d at 28, 343 N.W.2d at 819, the court held that the zoning classification restricted the enjoyment of the owner's property to such an extent that a taking without due process occurred. In *Nagawicka Is.* the parcel was an island of approximately two acres. The owner had done nothing

to decrease the size of the lot. Petersen's two-acre lot, however, was created by an illegal split-off from a parcel of approximately ten acres which was used for agricultural purposes and was subject to the A-1 Agriculture (Exclusive) zoning. Because his hardship is self-created, Petersen may not base a "taking" claim on the effect of the zoning restriction on the small lot created by the illegal division.

8 McQuillin, *The Law of Municipal Corporations*, sec. 25.44, p. 113 (3rd Ed. 1983 rev. vol.), states: *"Effect of hardship, loss or gain to owner.* ... It is important to note that the hardship to a property owner justifying invalidation of a zoning ordinance as it affects his premises is not a hardship which he has himself assumed or induced." McQuillin cites *Podmers v. Village of Winfield*, 350 N.E.2d 232 (Ill. App. Ct. 1976) (reducing lot below minimum lot size self-created hardship); *Gedmin v. City of Chicago*, 232 N.E.2d 573 (Ill. App. Ct. 1967) (development of proposal with knowledge it violated zoning restrictions self-created hardship). *See also Contino v. Village of Hempstead*, 262 N.E.2d 221 (N.Y. 1970), *adopting dissent*, 309 N.Y.S.2d 130 (N.Y. App. Div. 1970) (landowner who subdivides so as to create a substandard lot creates his own hardship and cannot successfully attack zoning restrictions on constitutional grounds); *Randolph Hills, Inc. v. Montgomery County Council*, 285 A.2d 620 (Md. 1972) (substandard lot created by subdivision self-created hardship); *State ex rel. Markdale Corp. v. Bd. of Appeals*, 27 Wis. 2d 154, 133 N.W.2d 795 (1965) (self-created hardship does not justify the grant of a variance).

Petersen's predecessor in title split off the two-acre parcel without complying with the county subdi-

vision ordinance requiring an approved certified survey map. Petersen purchased the lot knowing it did not comply with the ordinance. We conclude that Petersen may not base a claim his land has been taken by the application of the zoning ordinance to his lot when the condition which renders the lot valueless to him was created by his predecessor in title and was known to Petersen when he bought the lot.

## Claim is Premature

Petersen's claim presents the question of whether a property owner may claim monetary damages for a regulatory taking or is limited to relief which frees his property from the regulation. In *Zinn v. State*, 112 Wis. 2d 417, 428–29, 334 N.W.2d 67, 72 (1983), the court adopted the view expressed by Justice Brennan in his dissent in *San Diego Gas & Electric Co. v. San Diego*, 450 U.S. 621, 653–54, 657 (1981), that once it is established that there has been a regulatory "taking," the Constitution demands payment of just compensation. Several litigants have tried unsuccessfully to have the United States Supreme Court finally adopt the Brennan view as the law. *Williamson Planning Comm'n v. Hamilton Bank*, 473 U.S. —, 87 L. Ed. 2d 126 (1985); *MacDonald, Sommer & Frates v. County of Yolo*, 477 U.S. —, 91 L. Ed.2d 285 (1986). In each case the Court found the claim to be premature. It is essential to a claim that a regulatory action has "taken" property that a "final, definitive position" has been established by the regulatory agency as to how it will apply the regulations at issue to the land in question. *MacDonald*, 477 U.S. at —, 91 L. Ed. 2d at 296. In the *Hamilton Bank* case, the Court held that

the developer's claim was premature where it had not sought a variance and had not availed itself of a "facially adequate" state procedure by which it might obtain "just compensation." *See MacDonald, supra.* Petersen does not allege he has applied to the county Board of Adjustment for a variance nor has he made an inverse condemnation claim under sec. 32.10, Stats. His claim is premature.

## *CONSTITUTIONALITY*

By stipulation Petersen withdrew his general attack on the constitutionality of the A-1 Agriculture (Exclusive) classification. However, he argues that because the legislative body set the minimum lot size in the A-1 Agriculture (Exclusive) district at 35 acres, it follows that the zoning classification—exclusive agriculture—is inappropriate for anything less than thirty-five acres, including his parcel. His attack is an economic one—that parcels of less than 35 acres will not support farming and therefore the exclusive agricultural zoning classification applied to such parcels is without any reasonable basis and is unconstitutional. *See Kmiec v. Town of Spider Lake*, 60 Wis. 2d 640, 211 N.W.2d 471 (1973). This attack is broader than his inverse condemnation claim in that it is directed at the legislative decision to set the minimum lot size at thirty-five acres. The reasons which foreclose Petersen from making his inverse condemnation claim do not preclude his general attack on the A-1 Agriculture (Exculsive) zoning classification.

■

Zoning is a legislative function. *Buhler v. Racine County*, 33 Wis. 2d 137, 146, 146 N.W.2d 403, 108 (1966). All legislative acts are presumed to be constitu-

tional, and one who attacks the constitutionality of a zoning ordinance must prove the unconstitutionality beyond a reasonable doubt. *Quinn v. Town of Dodgeville*, 122 Wis. 2d 570, 577, 364 N.W.2d 149, 154 (1985). We are not concerned with the merits of the legislation under attack nor with the wisdom of what the legislative body has done. *Id.*

Petersen overlooks several facts. First, the permitted and conditional uses in the A-1 Agriculture (Exclusive) district are extensive and are not limited to "farming." Dane County, Wis., Code of Ordinances secs. 10.123(3) and (4) (1982). Secondly, a thirty-five-acre lot is required only to establish or maintain a "farm operation." *Id.*, sec. 10.123(6)(a). Other permitted and conditional uses, including agricultural uses, may be established and maintained on smaller lots.

Petersen did not produce any evidence that parcels of less than thirty-five acres, including his parcel, cannot be profitably devoted to agricultural or other uses permitted in the district or allowed as conditional uses. His evidence as to possible use was limited to testimony that such parcels are unsuitable for farming. In view of the numerous other permitted and conditional uses possible in the district, Petersen did not by such testimony meet his burden of establishing the unconstitutionality of the classification beyond a reasonable doubt. This case is unlike *Kmiec*, 60 Wis. 2d at 649–50, 211 N.W.2d at 475–76, where the evidence established that it would cost more to put the land in farming condition than it would be worth for that purpose.

Petersen has failed to prove that no profitable use can be made of lots of less than 35 acres, or of his lot, under the A-1 Agriculture (Exclusive) classification.

He has failed to carry his burden to establish the unconstitutionality of the classification as applied to his land beyond a reasonable doubt.

## *DISAPPROVAL OF PETITION BY TOWN BOARD*

Although the disapproval of Petersen's petition was a legislative act, judicial review exists if the town board abused its discretion, made excessive use of its powers or committed an error of law. *Quinn*, 122 Wis. 2d at 585, 364 N.W.2d at 157. Petersen attacks the town board's disapproval of his zoning petition as arbitrary, capricious, and unreasonable. Such an attack is the equivalent of a claim of unconstitutionality based on a denial of equal protection of the laws or due process. *Buhler*, 33 Wis. 2d at 143, 146 N.W.2d at 406.

The town board members testified that they denied Petersen's rezoning petition for safety and erosion reasons and to limit non-farm residential development according to the town's land use plan. Petersen argues that the safety and erosion reasons are irrelevant or not supported by the evidence. He also argues that the town board's disapproval of his petition is contrary to the zoning ordinance and the town's land use plan. A departure from the ordinance and land use plan which provide the standards for exercise of the town board's power to disapprove would constitute an abuse of discretion and deny Petersen equal protection of the laws and due process. *See Amcon Corp. v. City of Eagan*, 348 N.W.2d 66, 75 (Minn. 1984) (the failure of the city to advance any rationale for not following its comprehensive plan is strong evidence of arbitrary action).

## Reasonableness of Disapproval

The town chairman and the town board supervisors testified that highway safety would be adversely affected by a driveway entrance into the town road. They also testified that the proposed driveway would contribute to the existing erosion problem.

Petersen introduced evidence from which the town board could have concluded that a driveway to this parcel would not pose a traffic hazard and would not contribute to the erosion problem. Scribner testified that if he had been asked for a recommendation by the county zoning committee, he would have found no basis to recommend against Petersen's petition.

Petersen's position was well known to the town board since he had appeared as a realtor in support of previous petitions to rezone this parcel and on his own behalf in support of his petition to rezone. The town board, however, acting legislatively, did not accept his position. The disapproval of a rezoning petition by the zoning body is not arbitrary and capricious simply because it is contrary to the preponderance of the evidence. *See Bow and Arrow Manor, Inc. v. Town of West Orange*, 307 A.2d 563, 567 (N.J. 1973) (the court may not annul a zoning scheme adopted by a governing body because the weight of the expert testimony produced at trial is at variance with the local legislative judgment).

Since the town board members acted in a legislative capacity, they were entitled to apply to the decisionmaking process their personal knowledge and experience. *Burnham v. Planning and Zoning Com'n*, 455 A.2d 339, 341 (Conn. 1983). While the town board could have reached a contrary conclusion, its decision,

based on the factors of safety and erosion, is not an abuse of the board's discretion, an excessive use of its powers or an error of law.

*Conformance with Ordinance and Plans*

Petersen does not claim that the objectives or standards of the ordinance or the land use plans, as applied to his property, abridge his constitutional rights. He claims, however, that the town board rendered ineffective the rezoning mechanism which preserves the ordinance's constitutionality by ignoring the criteria contained in the ordinance, the Town of Christiana Land Use Plan and the Dane County Farmland Preservation Plan.

All members of the board testified they relied on the Town of Christiana Land Use Plan. The stated goal of the town plan is as follows:

> The primary goal is to preserve the productive farmlands of the Town of Christiana for continued agricultural use and to protect farm operations from conflict with incompatible land uses. To achieve this goal, the following policies will be used in making future land use decisions in the Town, with implementation provisions to carry out those policies.

The town plan states that the policies behind adopting the A-1 Agriculture (Exclusive) district and designating Agricultural Preservation Areas are "to protect farm operations for future production from encroachment of incompatible uses and help qualify farmers for benefits of the Wisconsin Farmland Preservation Program."

From the farm statistics included in the plan, it is apparent that the town has successfully resisted the

encroachment of urban land uses incompatible with farm operations and the preservation of farmland. The town land use plan shows an increase in total acres devoted to farmland. The plan states: "This is attributable to the strong farming community of the Town, the good soil resource base and being located far enough away from strong urban development pressures to not yet lose significant amounts of farmland to urban development."

The town board followed the town's land use plan in refusing to approve Petersen's petition. The town chairman testified that he was following the town's land use plan of limiting non-farm residential development to designated areas. He said the town "has been a hundred percent for agricultural." One board member testified the number one reason why he opposed rezoning was that it was contrary to the town's land use plan. He was concerned that if Petersen was able to obtain rezoning both the town and county land use plans would be jeopardized. Another board member testified that "we want to grow corn instead of houses .... we want to remain an agricultural community, not a developed community." He testified that there was a small area set aside to be developed and parcels rezoned out of the A-1 Agriculture (Exclusive) district were not prime agricultural land and did not present a hazard.

The board's decision is consistent with the stated objective of the town's land use plan of preserving the agricultural character of the town. This is a legitimate objective which the town board was entitled to further by disapproving Petersen's petition. The action of the board must be sustained if even one of the stated reasons is sufficient to support it. *Burnham*, 455 A.2d at 341. The legislature has conferred a significant role

on town boards in the local zoning process. In *Quinn*, 122 Wis. 2d at 581, 364 N.W.2d at 156, the court stated: "Elected by the residents of the town, the town board operates with its mandate, to preserve and protect the best interests of its constituents." The trial court properly gave deference to the town board's decision to disapprove Petersen's petition for rezoning. In relying on the town's land use plan to disapprove Petersen's petition the town board did not abuse its discretion, make an excessive use of its powers or commit an error of law.

In his statement of the issues Petersen claims the town board discriminated against him when it disapproved his petition. Since he failed to present arguments to support that claim, we are unable to address the issue.

*By the Court.*—Judgment affirmed.