Llewellyn F. STREFF, Plaintiff-Appellant,†

v.

TOWN OF DELAFIELD, Defendant-Respondent.

Court of Appeals

*No. 94–1416–FT. Submitted on briefs October 20, 1994.—Decided December 21, 1994.*

(Also reported in 526 N.W.2d 822.)

†Petition to review dismissed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Aschenbrener* of *Aschenbrener, Arnold & Artery, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *E. Joseph Kershek* of *Kershek Law Offices* of Milwaukee.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.   Llewellyn F. Streff brought suit against the Town of Delafield under 42 U.S.C. § 1983 alleging violations of his constitutional rights to equal protection and procedural and substantive due process under the federal and state constitutions. Streff's claims arose out of the Town's failure to approve Streff's development proposals for certain real estate located in the Town. The trial court granted

summary judgment to the Town, ruling that Streff's grievances were not yet ripe for judicial review. Streff appeals. We affirm.

## FACTS

The controlling facts are not in dispute. On February 25, 1987, Streff conditionally acquired farmland through an accepted offer to purchase. The offer was contingent upon Streff obtaining rezoning and Town approval for the proposed development of the land as a residential subdivision.

The town ordinances permit and recommend that a developer first consult informally with the town plan commission before submitting a formal proposed development plan for approval. This is an informal, informational process whereby the Town becomes familiar with the developer's proposed plan, and the developer becomes familiar with the Town's comprehensive plan, regulations and procedures.[1] This process can lead to the Town giving "conceptual approval" to the proposed development. However, this process is neither mandatory nor binding on either party.

---

[1] The record does not include an official copy of the ordinance involved, so we rely on the plaintiff's brief for the relevant language of the ordinance, which reads in part:

18.04 PLAT APPROVAL PROCEDURES. (1) GENERAL PROCEDURE. (a) Preapplication. It is recommended that prior to the filing of an application for the approval of a development, the subdivider shall consult with the Plan Commission and/or its staff to obtain their advice and assistance. This consultation is neither mandatory or binding but is intended to inform the subdivider of the purpose and objectives of these regulations, the comprehensive plan, comprehensive plan components and plan implementation devices of the Town and to otherwise assist the subdivider in planning.

The formal application process requires the developer to submit a residential development permit application and a $300 fee. The proposal is then rated according to various factors, including subdivision control regulations, ordinance compliance, road layout, and sewer and water drainage. Once approved, the developer obtains a full or partial lot allocation from the town board based on an annual lot allocation previously established by the Town.

During 1987 and 1988, Streff sought to obtain the Town's conceptual approval for his proposed development. To this end, Streff appeared at nearly all of the plan commission meetings at which he and the plan commission engaged in ongoing "give and take" bargaining regarding Streff's proposed development. During this process, Streff presented approximately fifty different site plan proposals to the plan commission. Some of these were the result of suggestions or objections registered by the Town; others were the product of Streff unilaterally changing his development plans. Despite the parties' lengthy discussions, Streff was unable to obtain the Town's conceptual approval. Nor did Streff ever file a formal residential development permit application or pay the $300 fee for any of his various proposals.

Eventually, the offer to purchase time limit for Streff obtaining Town approval expired and Streff lost his interest in the land. Later, another entity purchased the property and eventually obtained Town approval for developing the property.

Streff responded with this 42 U.S.C. § 1983 action, alleging a violation of his federal and state constitutional rights. The circuit court ruled that Streff's claims were not ripe for judicial review and granted summary judgment to the Town. Streff appeals. We

will recite additional facts as we address the appellate issue.

## STANDARD OF REVIEW

In reviewing a grant of a motion for summary judgment, we are required to apply the standards set forth in § 802.08(2), STATS. *See Miller Brands-Milwaukee, Inc. v. Case,* 162 Wis. 2d 684, 693, 470 N.W.2d 290, 294 (1991). We independently examine the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Maynard v. Port Publications, Inc.,* 98 Wis. 2d 555, 558, 297 N.W.2d 500, 502-03 (1980); § 802.08(2).

## DISCUSSION

Streff argues that his claims were ripe for judicial review, and thus the circuit court erred in dismissing his claims at summary judgment.[2]

The decisions of the United States Supreme Court persuade us that Streff's claims were not ripe for judicial review. In *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172 (1985), a

---

[2] Streff also argues that the circuit court should have stayed the summary judgment proceedings until he had conducted further discovery. However, Streff has failed to provide us with a transcript of the February 28, 1994, proceeding at which the trial court apparently denied Streff's motion. When an appeal is brought on a partial transcript (or no transcript), the scope of review is necessarily confined to the record before the appellate court. *See Austin v. Ford Motor Co.,* 86 Wis. 2d 628, 641, 273 N.W.2d 233, 239 (1979). In the absence of a transcript, we will assume that every fact essential to sustain the trial judge's exercise of discretion is supported by the record. *See id.*

developer brought a 42 U.S.C. § 1983 action against a local planning commission alleging that the commission's rejection of a proposed development constituted two federal constitutional violations: (1) a taking of property without just compensation under the Fifth Amendment, and (2) an illegal exercise of the police power under the Due Process Clause of the Fourteenth Amendment. *Williamson*, 473 U.S. at 186, 197. The commission contended that the matter was not yet ripe for judicial review.

The Supreme Court stated the ripeness doctrine as follows:

> [A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.

*Id.* at 186.

The Court also stated the rationale for the ripeness doctrine:

> Our reluctance to examine taking claims until such a final decision has been made is compelled by the very nature of the inquiry required by the Just Compensation Clause. Although "[t]he question of what constitutes a 'taking' for purposes of the Fifth Amendment has proved to be a problem of considerable difficulty," this Court consistently has indicated that among the factors of particular significance in the inquiry are the economic impact of the challenged action and the extent to which it interferes with reasonable investment-backed expectations. *Those factors simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will*

apply the regulations at issue to the particular land in question. [Citations omitted; emphasis added.]

. . ..

. . . [T]he finality requirement is concerned with whether the initial decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury.

*Id.* at 190-91, 193.

Applying these ripeness principles, the *Williamson* Court held that, even though the planning commission had rejected the developer's preliminary plat, the grievance was not ripe for judicial review. *Id.* at 188-90. In support, the Court noted that the developer had not sought variances which, if granted, might affect the profitability of the development, *id.* at 191, and the developer had not yet pursued the available state remedy of inverse condemnation, *id.* at 194-95. The Supreme Court confirmed these ripeness principles in a later case, *MacDonald, Sommer & Frates v. County of Yolo*, 477 U.S. 340, 349 (1986).

However, in *Unity Ventures v. County of Lake*, 841 F.2d 770, 775-76 (7th Cir.), *cert. denied sub nom. Alter v. Schroeder,* 488 U.S. 891 (1988), the Seventh Circuit held that the developer need not pursue the matter through the final decision process if such attempt would be futile.

██

Wisconsin has also spoken to the ripeness doctrine in taking situations. In *Petersen v. Dane County*, 136 Wis. 2d 501, 402 N.W.2d 376 (Ct. App. 1987), the court of appeals stated, "It is essential to a claim that a regulatory action has 'taken' property that a 'final, definitive position' has been established by the regulatory agency as to how it will apply the regulations at issue to the land in question." *Id.* at 507, 402 N.W.2d at

355

379 (quoting *MacDonald*, 477 U.S. at 351). *Petersen* concerned a taking claim under the Just Compensation Clause of the Fifth Amendment to the United States Constitution. *See id.* In *Busse v. Dane County Regional Planning Comm'n,* 181 Wis. 2d 527, 540-41, 511 N.W.2d 356, 361 (Ct. App. 1993), the court of appeals applied the ripeness doctrine to a taking claim under Article I, Section 13 of the Wisconsin Constitution. Based on this existing Wisconsin law, Streff must satisfy the ripeness requirement as to his just compensation claims under both the federal and state constitutions.

However, we must also determine whether this requirement should further apply to Streff's equal protection and due process claims under the federal and state constitutions. We see no reason why the ripeness requirement should not apply to all taking claims. The federal courts to date have not hesitated to apply the ripeness requirement regardless of the legal basis for the claim. For instance, in *Herrington v. County of Sonoma,* 834 F.2d 1488, 1494 (9th Cir. 1987), *and modified,* 857 F.2d 567 (9th Cir. 1988), *cert. denied,* 489 U.S. 1090 (1989), the court applied the ripeness requirement to a taking claim based on equal protection. And, in *Unity Ventures,* 841 F.2d at 775-77, the court applied the ripeness requirement to substantive and procedural due process claims in addition to an antitrust claim.

Although determinations on federal questions by federal circuit courts of appeal are not binding on state courts, *State v. Mechtel,* 176 Wis. 2d 87, 94, 499 N.W.2d 662, 666 (1993), we may adopt federal court decisions we find persuasive, *see State v. Boettcher,* 144 Wis. 2d

86, 96-97, 423 N.W.2d 533, 538 (1988). The ripeness requirement serves an important public policy consideration. "The basic rationale of the ripeness doctrine is to prevent the courts through the avoidance of premature adjudication from entangling themselves in abstract disagreements over administrative or legislative policies." *Tooley v. O'Connell*, 77 Wis. 2d 422, 439, 253 N.W.2d 335, 342 (1977).[3] We thus conclude that Streff must satisfy the ripeness requirement as to all of his claims. We now address this question.

We will not detail the numerous contacts which Streff had with the Town regarding his proposed development. However, we have read the summary judgment record in full. From this, we are well satisfied that the Town never took a final, definitive position regarding Streff's proposal. This is understandable because we cannot even say that Streff ever presented the Town with a specific, concrete proposal upon which the Town could respond with a definitive stance. To the contrary, Streff would routinely change his proposals (some prompted by the Town, others on his own volition) as he made his many appearances before the planning commission.

What the summary judgment record shows is Streff and the Town engaging in a lengthy "feeling out" process by which the parties exchanged many proposals and counterproposals. An example is the question of access to Highway 83, a matter which occupied much

---

[3] *Tooley v. O'Connell*, 77 Wis. 2d 422, 253 N.W.2d 335 (1977), was a declaratory judgment case. Most ripeness issues arise in such actions since finality is an element of a declaratory judgment cause of action. However, we conclude that the public policy considerations underpinning the ripeness requirement in such actions apply to all judicial proceedings.

of the parties' discussions and negotiations. The Town was concerned that Streff's development did not provide adequate access to the highway. The Town urged Streff to meet this concern, to submit more detailed plans or to file a formal application. Streff instead returned with various counterproposals which failed to satisfy the Town on this matter. While Streff certainly was entitled to negotiate with the Town on these matters, we reject his argument that these events constitute the intransigence contemplated by the law of ripeness.

We also reject Streff's contention that his position is analogous to the developer's situation in *Herrington*. There, the county board had rejected a proposed development as inconsistent with the county's general plan. *Herrington*, 834 F.2d at 1492. Because of this threshold ruling, the developers did not present a formal application nor did they pursue a variance. The court held that the county board's inconsistency determination effectively doomed any further attempt by the developer to obtain formal approval. *Herrington, modified,* 857 F.2d at 569. Moreover, the court noted that county officials had provided "repeated and uncontradicted" testimony that the developers could not obtain approval for their project. *Id.* at 570.

That is not the case here. The Town has never made any collateral ruling or imposed any requirement which would have rendered futile any future proposal by Streff. Nor does this record contain any evidence suggesting or demonstrating that Streff could not, under any circumstances, obtain Town approval for his proposed development.

We agree with the trial court's ruling that Streff's complaint was not ripe for judicial review. We affirm the summary judgment dismissing Streff's complaint.[4]

*By the Court.*—Judgment affirmed.

---

[4] Streff also argues that the Town's imposition of a moratorium on his proposed development demonstrates that any further action by him would have been futile. However, Streff's "proof" of such moratorium is a newspaper article which is clearly hearsay. Summary judgment evidence must be admissible evidence. Section 802.08(3), STATS. Streff also argues that the grant of summary judgment was improper because: (1) the Town later approved the development proposal of the subsequent purchaser; and (2) the town engineer later provided engineering services regarding the development to the subsequent purchaser. These arguments beg the ripeness question. Even if we were to accept that these events suggest some chicanery, Streff's obligation under the ripeness doctrine was, at the very least, to put a concrete, unequivocal proposal before the Town. He never did.