Roy S. Thorp and Helene T. Thorp, Plaintiffs-Appellants,†

v.

Town of Lebanon,†† and County of Dodge,†† Defendants-Respondents.

Court of Appeals

*No. 98–2358. Submitted on briefs February 4, 1999.—Decided March 11, 1999.*

(Also reported in 593 N.W.2d 878.)

†Petition to review granted.
††Petition to cross review granted.

673

675

676

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *E. Joseph Kershek* of *Kershek Law Offices*, of Milwaukee.

On behalf of the defendant-respondent, Town of Lebanon, the cause was submitted on the brief of *Michael J. Cieslewicz*, of *Kasdorf Lewis & Swietlik, S. C.* of Milwaukee

On behalf of the defendant-respondent, Dodge County, the cause was submitted on the brief of *John M. Moore* and *W. Scott McAndrew* of *Bell, Gierhart & Moore, S.C.* of Madison.

Before Dykman, P.J., Eich and Vergeront, JJ.

VERGERONT, J. This dispute concerning the zoning of 225 acres owned by Roy and Helen Thorp in the Town of Lebanon, County of Dodge, is before us a second time on appeal. In our previous decision[1] we held that the notice of claim requirements of § 893.80(1), STATS., did not apply to the Thorps' claims of violations of rights secured by the United States Constitution. After remand to the trial court, that court granted summary judgment in favor of the Town of Lebanon on the ground that it had no liability as a matter of law because the town board voted in favor of the Thorps' request for a rezoning by 2–1. The court also granted summary judgment in favor of both the Town and the County on the ground that the Thorps would not be able to prevail on their federal constitutional claims and there were state law remedies available to them that they had not used. The Thorps appeal, contending the court erred in: (1) deciding the motions for summary judgment because they were untimely; (2) dismissing the federal constitutional claims; and (3) dismissing the Town because there are factual issues concerning its liability.

We conclude the trial court did not err in deciding the motions for summary judgment were timely. We also conclude the trial court properly dismissed the claims against the Town and the County for a deprivation of procedural and substantive due process, but erred in dismissing the equal protection claim against them.

[1] *Thorp v. Town of Lebanon*, No. 96–2449, unpublished slip op. (Wis. Ct. App. May 15, 1997).

## BACKGROUND

Because the Town and County filed no evidentiary materials with their motions for summary judgment, we have only the allegations of the complaint before us, as we did on the prior appeal. The factual allegations relevant to the claims that were before the trial court after remand are as follows. The Thorps own 225 acres of real estate located in the Town of Lebanon, which had been zoned as rural development for twenty years prior to the zoning amendment they are contesting. In 1993, the Town and County entered into an agreement to work together on a revised master zoning map for the Town. On July 7, 1994, the town board of supervisors approved a comprehensive zoning map that changed the classification of the Thorps' property to agricultural and, at the Town's request, the County amended its official zoning map accordingly. The Thorps then filed a petition with the town plan commission seeking a rezoning of 155 acres from the new agricultural classification back to the original classification of rural development. The plan commission denied the petition but, on appeal to the town board of supervisors, that board approved the petition. The Thorps filed a petition with the Dodge County Planning and Development Department to seek confirmation of the reclassification back to rural development and that body, through the planning and survey committee, voted to grant the request on a 4–1 vote. However, the county board of supervisors denied the petition.

The Thorps' complaint seeks declaratory, injunctive and monetary relief. The complaint asserts that the classification of the Thorps' property as agricultural, prohibiting its use for rural development, is arbitrary, discriminatory and unreasonable, bearing

679

no reasonable relationship to the public health, safety and welfare of the Town and County; is an unlawful exercise of police power; and a violation of equal protection and due process under the United States and Wisconsin Constitutions. In support of these assertions, the complaint alleges the following. The highest and best suited use of the Thorps' property is not agricultural but rather rural development because the land is hilly and rocky, there are certain deficiencies in the soil, and part is located in wetlands. Under the amended zoning ordinance, numerous "islands" were left zoned rural development without a logical basis, even though that land is more suitable for agricultural use than the Thorps' property, and for this reason the amendment is discriminatory. The survey conducted by the Town before the adoption of the amendment showed that the residents had no objection to residential development. The board of supervisors misinterpreted and misapplied the results of that survey when adopting the amendment and failed to comply with § 60.61(4), STATS., in that the board did not appoint a town zoning committee consisting of five members.

The complaint also asserts the Thorps were denied a fair and impartial hearing because of the following occurrences. The one negative vote on the 4–1 vote by the Dodge County Planning and Survey Committee on the Thorps' petition for a reclassification to residential development was by Betty Balian, the chair of the Town of Lebanon Board. However, when appearing before the county board of supervisors, the chair of the planning and survey committee represented to that board that the vote was 3–2, with himself, as well as Balian, voting against the petition. Before the county board of supervisors voted on the Thorps' petition,

Balian made these misrepresentations to the board: she characterized the Thorps as real estate developers and as having the ulterior motive of seeking development of their real estate when no such development request had been made; she stated that the town residents favored general agricultural zoning and were antidevelopment; and she otherwise failed to correctly state the reasons in the petition for the Thorps' request.

The narrow issue before us on the prior appeal was whether these claims are state law claims, in which case the requirements of § 893.80(1), STATS., apply, or claims of deprivation of federal constitutional rights asserted under 42 U.S.C. § 1983, in which case § 893.80(1) does not apply.[2] *See Felder v. Casey*, 487 U.S. 131, 147 (1988). We concluded that the allegations concerning the invalidity of the amended ordinance adequately asserted either a substantive due process or an equal protection claim or both such that § 893.80(1) did not apply. We also concluded that the allegations concerning the hearing before the county board on the Thorps' petition for rezoning were sufficient to allege a claim for a violation of their right to

---

[2] We construed the complaint as one seeking enforcement of federal constitutional rights under 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

procedural due process under the Fourteenth Amendment.[3]

Upon remand, the trial court entered a scheduling order setting dates for discovery deadlines, a deadline for pretrial motions of July 7, 1998, and a trial date of July 22, 1998. The scheduling order did not specifically refer to either "summary judgment" motions or "dispositive" motions. On June 4, 1998, the County moved for summary judgment on the ground that the Thorps have no claims for relief under the federal constitution because there were adequate state remedies and, alternatively, the allegations of the complaint do not state a claim for relief for a denial of either equal protection or due process. On June 12, 1998, the Town filed a motion for summary judgment on the same grounds and also on the ground that the actions of the town board were not a cause of any constitutional deprivation or damage to the Thorps. The only evidentiary submission accompanying either motion was counsel's affidavit attaching our prior decision.

The trial court agreed with the argument of the Town and County and granted both motions for summary judgment.

## SUMMARY JUDGMENT MOTION—TIMELINESS

The Thorps argue that the trial court should have denied the motions for summary judgment as untimely

---

[3] We affirmed the trial court's dismissal of the claim of inverse condemnation under § 32.10, STATS., and the claim of a regulatory taking under the Fifth and Fourteenth Amendments, but not on the ground of failure to comply with § 893.80(1), STATS. Rather, we concluded that the allegations of the complaint were insufficient to state a claim for relief under both that state statute (§ 32.10) and those constitutional provisions.

because they were not brought as required by § 802.08(1), STATS., "within 8 months of the filing of a summons and complaint or within the time set in a scheduling order." The trial court considered this objection and explained its reasons for deciding the motions. It noted that if anyone were at fault for the timing of the filing of the motions, it was the court, because the court did not include a separate deadline for summary judgment motions in its scheduling order. The court considered the respondent's interpretation of the order—that, in the absence of a specific reference, summary judgment motions were to be treated as pretrial motions—to be a reasonable one. Finally, the court explained that if it did not decide the issues raised in the motions now, it would have to do so in the form of a motion for dismissal at the close of the Thorps' case or for a directed verdict. Should the motions have merit, the court reasoned, deciding them before trial would save the expense of trial for all parties, avoid wasting the court's resources, and avoid inconveniencing the witnesses and jurors.

■

We defer to a trial court's interpretation of its own ambiguous order as long as it is a reasonable interpretation. *See Schultz v. Schultz*, 194 Wis. 2d 799, 802, 535 N.W.2d 116, 117 (Ct. App. 1995). We conclude the scheduling order was ambiguous concerning whether a motion for summary judgment was governed by the deadline for pretrial motions, and the trial court's decision that the summary judgment motions were governed by that deadline is reasonable. Moreover, even if a motion is untimely, the trial court has the discretion to enlarge the time period if the failure to file timely was the result of excusable neglect. *See* § 801.15(2)(a), STATS.; *Chitwood v. A.O. Smith Harves-*

*tore Products, Inc.*, 170 Wis. 2d 622, 628–29, 489 N.W.2d 697, 701 (Ct. App. 1992). The party seeking relief need not file a motion for enlargement of time, and the court need not use the term "excusable neglect." *See id.* at 629, 489 N.W.2d at 701. What is critical is that the court explain its analysis, and that its analysis is reasonable. *See id.* The trial court's decision here to consider the summary judgment motions meets these criteria.

## STANDARD OF REVIEW

Although all parties and the trial court describe the respondents' motions as ones for summary judgment, because the respondents submitted no evidentiary materials, the trial court's analysis was of necessity focused solely on the allegations of the complaint. That is the first step of the summary judgment methodology. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 317, 401 N.W.2d 816, 821 (1987). It is therefore immaterial to the outcome of our analysis on appeal whether one describes the motions as ones for dismissal of the complaint because it does not state any claim for relief, or as ones for summary judgment because there are no material facts in dispute and the respondents are entitled to judgment as a matter of law. We take the factual allegations of the complaint as true, construed in favor of the Thorps. *See id.* Whether the complaint states a claim for relief is a question of law, which we review de novo. *Irby v. Macht,* 184 Wis. 2d 831, 836, 522 N.W.2d 9, 11 (1994).

## FEDERAL CONSTITUTIONAL CLAIMS

The Thorps argue that the trial court erred in dismissing their federal constitutional claims on the

ground they had adequate remedies under state law. They contend we held in our prior decision that was not a proper ground for dismissal.[4] However, we expressly stated in our prior decision that we were not deciding this issue and were not precluding the trial court from considering it on remand.[5]

Although the parties frame the issue in terms of the requirements of 42 U.S.C. § 1983, the issue properly framed is: are any of the federal constitutional claims that the Thorps assert affected by the existence

---

[4] The sentence from our prior decision the Thorps cite in support of this argument is: "However, we reject the implication of the respondents' argument that the operative facts of a complaint are not sufficient to state a claim for a violation of a federal constitutional right simply because those same operative facts might also state a claim arising under state law." *Thorp v. Town of Lebanon*, No. 96–2449, unpublished slip op. at 3 (Wis. Ct. App. May 15, 1997). We made this statement in the context of rejecting the respondents' argument that if the factual allegations of a complaint state claims for relief under both the federal constitution and under state law, the entire complaint is subject to dismissal for failure to follow § 893.80(1), STATS. *Id.*

[5] As we explained in our prior decision, we did not address the respondents' argument that actions brought under 42 U.S. C. § 1983 must allege inadequate state remedies, because this was made very briefly in a footnote, and with no explanation why the allegations of the complaint—that the Thorps had "exhausted all their administrative remedies required to be pursued" and had "no adequate legal remedy"—were insufficient, at the pleading stage, to meet whatever requirements the respondents were arguing for. *Thorp v. Town of Lebanon*, No. 96–2449, unpublished slip op. at 7 (Wis. Ct. App. May 15, 1997). We added: "However, nothing in our opinion precludes the respondents from raising this issue in proceedings on remand before the trial court." *Id.*

of remedies under state law? Section 1983 does not create any substantive rights, but rather provides a remedy for the deprivation of federal constitutional rights. *See Penterman v. Wisconsin Elec. Power Co.*, 211 Wis. 2d 458, 472, 565 N.W.2d 521, 529 (1997). We therefore examine each federal constitutional claim the Thorps assert to determine whether any have as an element the lack of an adequate remedy under state law.[6]

[6] Whether entitlement to relief for a violation of a federal constitutional provision depends on inadequate remedies under state law is a distinct question from whether states may require that litigants exhaust state administrative or judicial remedies before bringing a 42 U.S.C. § 1983 action in state court. The latter question (like the question of whether a state may require a plaintiff to file a notice of claim in compliance with § 893.80(1), STATS., before filing an action under § 1983 in state court) is a question of the proper interpretation of § 1983, not the substantive constitutional provision the plaintiff claims was violated. Our supreme court held in *Casteel v. Vaade*, 167 Wis. 2d 1, 17, 481 N.W.2d 476, 483 (1992), that states may not impose a general administrative exhaustion requirement for § 1983 actions in state court. The court relied on *Patsy v. Board of Regents*, 457 U.S. 496, 507 (1982), which held that the legislative history of § 1983 showed that Congress did not intend that litigants exhaust state administrative remedies before bringing § 1983 actions in federal court, and on the Supreme Court's subsequent decision in *Felder v. Casey*, 487 U.S. 131, 147 (1988), which applied that same legislative history to preclude the application of notice of claims statute in state court § 1983 actions. *Casteel*, 167 Wis. 2d at 7–17, 481 N.W.2d at 478–83. *See also Monroe v. Pape*, 365 U.S. 167, 183 (1961) (federal remedy under § 1983 is supplemental to state remedies and latter need not be sought and refused before federal one is invoked), *overruled in part on other grounds by Monell v. Department of Soc. Serv.*, 436 U.S. 658, 663 (1978).

*Procedural Due Process*

■

The due process clause of the Fourteenth Amendment protects both procedural and substantive rights. *Penterman*, 211 Wis. 2d at 473, 565 N.W.2d at 530. The Thorps' procedural due process claim is that they were deprived of a fair and impartial hearing on their petition for rezoning because Balian was biased and because the plan commission's chairman misrepresented the vote of the commission.[7]

■

The procedural component of the due process clause does not prohibit states, or municipalities, from depriving a person of life, liberty, or property; it prohibits this only if done without due process of law. *Jones v. Dane County*, 195 Wis. 2d 892, 914, 537 N.W.2d 74, 80 (Ct. App. 1995). A claim that a person has been deprived of life, liberty or property without the procedural protections required by due process arises only if and when the state fails to provide the requisite procedures. *See Irby v. Macht*, 184 Wis. 2d 831, 842, 522 N.W.2d 9, 13 (1994). When a deprivation of property or liberty results from the random and unauthorized act of an official, procedural due process is satisfied if the state makes available adequate post-deprivation remedies. *Id.* at 843, 522 N.W.2d at 14. In *Irby*, the court

---

[7] The Thorps' complaint also asserts that their rights to equal protection and substantive due process were violated by the action of the county board in denying their rezoning request. The only factual allegations with respect to this proceeding are those concerning Balian and the plan commission chairman. The Thorps do not develop an argument that any federal constitutional right, other than that of procedural due process, was violated in this proceeding.

held that an inmate's allegation that prison officials disciplined him without following the agency's procedural rules for disciplinary hearings did not state a claim for a violation of his right to procedural due process. *Id.* at 846–47, 522 N.W.2d at 15. The court reasoned that the officials' acts were random and unauthorized in that they did not have the authority to violate the procedural rules, and the availability at common law of review by certiorari of the disciplinary committee's decision was an adequate post-deprivation remedy for the alleged wrongful discipline. *Id.*

■

Following the reasoning of the court in *Irby*, we conclude that the bias and misrepresentation the Thorps allege in the proceedings on their rezoning request are random and unauthorized acts. Therefore, the Thorps have not suffered a deprivation of property without procedural due process if there is an adequate state remedy.[8] No party has pointed us to a statutory right to review of the county board's decision to deny the Thorps' request for rezoning, and we are aware of none. When there are no statutory provisions for judicial review, the action of a board or commission may be reviewed by certiorari. *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 549–50, 185 N.W.2d 306, 311 (1971). Courts have previously reviewed denials of requests to rezone by certiorari. *See State ex rel. Madison Landfills, Inc. v. Dane County*, 183 Wis. 2d 282, 285, 515

---

[8] The respondents did not argue on the prior appeal, and they do not argue on this appeal, that either the nature of the property owners interest at stake in a request to rezone or the nature of the decision by the municipal officials is such that the procedural protections guaranteed by the due process clause of the Fourteenth Amendment do not apply. We therefore assume without deciding that they do.

N.W.2d 322, 324 (Ct. App. 1994). The Thorps do not explain why a review by certiorari of the county board's decision to deny their request for rezoning is not an available and adequate remedy for their claim that the hearing before the board did not comport with procedural due process. Such claims may be asserted before a court on review by certiorari and, if successful, result in an order for a new hearing without the biased decision makers or other procedural deficiencies. *See Marris v. City of Cedarburg*, 176 Wis. 2d 14, 31, 498 N.W.2d 842, 849 (1993); *Nova Serv., Inc. v. Village of Saukville*, 211 Wis. 2d 691, 697, 565 N.W.2d 283, 286 (Ct. App. 1997).

We conclude the Thorps did have an adequate post-deprivation remedy under state common law certiorari for their claim that the hearing before the county board was not fair and impartial. Although there is no evidentiary submission showing that the Thorps did not file a petition for review by certiorari, they did not plead they did; they do not contend they did; and it is implicit in all their arguments they did not. We therefore conclude that dismissal of this claim was proper.[9]

*Equal Protection*

The Thorps also challenge the trial court's dismissal of their claims that the amended zoning ordinance

---

[9] Because of this conclusion, we need not address the argument that the municipalities—the Town and the County—are not liable under 42 U.S.C. § 1983 for the acts of Balian and the plan commission chair. *See Monell v. Department of Soc. Serv.*, 436 U.S. 658, 691 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986); *Dowd v. City of New Richmond*, 137 Wis. 2d 539, 553–54, 405 N.W.2d 66, 72 (1987).

violated their rights to equal protection and substantive due process under the Fourteenth Amendment.[10] We examine the equal protection claim first. If, as here, there is no suspect class or fundamental interest at stake, the ordinance violates the Thorps' right to equal protection if the classifications they challenge are not rationally related to the asserted purpose of the ordinance, *see State ex rel. Madison Landfills, Inc.*, 183 Wis. 2d at 293, 515 N.W.2d at 327, or treat differently those in similar circumstances, among whom no reasonable basis for distinction exists. *See Browndale Int'l Ltd. v. Board of Adjustment*, 60 Wis. 2d 182, 204, 208 N.W.2d 121, 132 (1973). *See also Kmiec v. Town of Spider Lake*, 60 Wis. 2d 640, 652, 211 N.W.2d 471, 477 (1973) (classification of plaintiff's property in zoning

[10] The Thorps and the respondents disagree whether we decided in our previous decision that the complaint stated claims for equal protection and substantive due process, with the Thorps claiming we did, and the respondents claiming we did not. With respect to the challenge to the amended ordinance, we stated we were "concerned only with whether the allegations in the complaint are sufficient to state a claim for relief on the ground that the zoning amendment deprived the Thorps of either the equal protection of the laws or substantive due process [under the federal constitution]" and we concluded they were. *Thorp v. Town of Lebanon*, No. 96–2449, unpublished slip op. at 5 (Wis. Ct. App. May 15, 1997). We said it was "unnecessary at this stage to decide whether [those] allegations . . . state a claim for a denial of equal protection or substantive due process or both," because the notice of claim statute, § 893.80(1), STATS., applied to neither under *Felder v. Casey*, 487 U.S. 131, 147 (1988), and the parties did not brief the nature of the federal constitutional claims with specificity. *Thorp*, No. 96–2449 at 5. Resolution of the issues before us on this appeal require that we determine under which specific constitutional provisions the complaint states a claim for relief.

ordinance as A–1 was without any reasonable basis and a denial of equal protection under the Wisconsin Constitution and the Fourteenth Amendment).

We conclude the complaint does state a claim for relief under the equal protection clause. The Thorps assert that the amended ordinance's classification of their land as agricultural while leaving lands more suited to agriculture zoned as rural development is without a reasonable basis. The factual allegations describing their land support this claim.

The respondents cite *Penterman* in support of their argument that the complaint does not state a claim for a violation of equal protection. However, *Penterman* does just the opposite. The court there stated that it had previously recognized two types of equal protection claims: (1) intentional discrimination based on membership in a class or group, and (2) challenges to legislation alleged to be irrational and discriminatory. *Penterman*, 211 Wis. 2d at 483–84, 565 N.W.2d at 534. The *Penterman* plaintiffs were not contending that either was applicable, but instead wanted the court to recognize a third type—treatment that is different than that of others similarly situated, such as when a license is denied because of personal animosity toward the applicant. *Id.* at 484–85, 565 N.W.2d at 534–35. The court considered whether the complaint's allegations were sufficient to state a claim under this third theory of equal protection and concluded they were not: the complaint did not allege the plaintiffs had been treated differently than persons similarly situated. *Id.* at 485, 565 N.W.2d at 535. The Thorps' equal protection challenge to the amended ordinance is of the second type referred to in *Penterman*. It is therefore unnecessary for their complaint to contain allegations

691

that state a claim under either the first or the third type.

The respondents cite case law holding that zoning is a legislative function, and zoning laws are presumed constitutional and must be proved unconstitutional beyond a reasonable doubt. *See, e.g., Petersen v. Dane County,* 136 Wis. 2d 501, 508–09, 402 N.W.2d 376, 380 (Ct. App. 1987); *Buhler v. Racine County,* 33 Wis. 2d 137, 146–47, 146 N.W.2d 403, 408 (1966). We agree with these legal principles, and so stated in our prior decision. However, we also said, and we repeat, that the difficulty of prevailing given these propositions is a matter of proof, not pleading. Because the respondents chose to bring a summary judgment motion without evidentiary submissions to show the rationality of the challenged classifications, we are still at the pleading stage; and these presumptions and burdens are not a basis for dismissing the equal protection claim.

Alternatively, the respondents argue that the trial court properly dismissed the equal protection claim because of the existence of adequate state remedies. They point to § 59.69(14), STATS., which provides that a landowner "who claims that the [county zoning] ordinance or amendment is invalid because procedures prescribed by the statutes or the ordinance were not followed, shall commence an action within the time provided by s. 893.73(1) [180 days]." However, we do not see how such an action provides a remedy for the allegedly irrational classifications the Thorps challenge.

The respondents also point out, as we have mentioned above, review by certiorari is available to challenge the county board's denial of the Thorps' request for rezoning. This presents the issue of whether the availability of that procedure precludes

the Thorps' equal protection claim. In other words, is the lack of a procedure under state law for requesting rezoning of one's property and obtaining judicial review of a denial of the request a required element of a claim that a zoning ordinance violates the federal equal protection clause? We conclude it is not.

The respondents rely in part on *Menick v. City of Menasha*, 200 Wis. 2d 737, 743, 547 N.W.2d 778, 780 (Ct. App. 1996). There, after observing that a claim under 42 U.S.C. § 1983 "must include a federal constitutional basis for the claim," we stated that it "must also assert that there is an inadequate state remedy for the claim." *Id.* (citing *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1481 (7th Cir. 1990)). We then examined the federal constitutional basis for Menick's claim—a taking under the Fifth Amendment. We concluded there was no taking, and the fact that her state law claims were dismissed by the trial court did not mean that she did not have adequate state remedies. *Id.* at 743–44, 547 N.W.2d at 780–81.

Although our language in *Menick* may suggest we were deriving the "inadequate state remedy" requirement from 42 U.S.C. § 1983, the court in *New Burnham* was discussing the requirements of the underlying substantive due process claims, *see New Burnham*, 910 F.2d at 1480–81, and we must read *Menick* in that light.[11] The *New Burnham* court did not impose an

[11] Since the decisions of the United States Supreme Court interpreting federal law are binding on state courts, *see State v. Mechtel*, 176 Wis. 2d 87, 94, 499 N.W.2d 662, 666 (1993), this court must in any event follow the Supreme Court decisions precluding states from imposing resort to state administrative and judicial remedies on 42 U.S.C. § 1983 plaintiffs in state court. *See* footnote 5.

"inadequate state remedy" requirement on the equal protection claim before it,[12] and we therefore do not read *Menick* to do so.

In *Streff v. Town of Delafield*, 190 Wis. 2d 348, 356, 526 N.W.2d 822, 825 (Ct. App. 1994), we did impose a ripeness requirement in a 42 U.S.C. § 1983 action asserting that the rejection of a proposed development plan violated the Fifth Amendment taking clause, as well as the substantive due process and equal protection guarantees. We held that none of Streff's claims were ripe for review because the evidentiary submissions on the summary judgment motion showed that the municipality never made a final decision on the proposal. *Id.* at 357, 526 N.W.2d at 825. On the taking claim, we applied the ripeness requirements from *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985).[13] We also concluded that

---

[12] The court in *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1481 (7th Cir. 1990), held that the equal protection claim was properly dismissed on summary judgment because, from the factual submissions, a trier of fact could not reasonably infer the official denying the permit acted irrationally. The court also held there was no allegation that the plaintiff was singled out for a denial because of membership in a class. *Id.* at 1481–82. The court modified the requirements for this type of equal protection claim in *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995), to which the court in *Penterman v. Wisconsin Elec. Power Co.*, 211 Wis. 2d 458, 484–85, 565 N.W.2d 521, 534–35 (1997), referred in its discussion of the "third type" of equal protection claim.

[13] The Court in *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985), held that the ripeness requirement for a Fifth Amendment taking claim is made up of two components: a final position by the governmental entity as to how it will apply the regulations, because without that a court cannot evaluate the injury inflicted by the regulation, *id.*

694

the ripeness requirement of a final decision by the municipal body should apply to Streff's other claims based on the same facts as the taking claim—the substantive due process and equal protection claims. *Streff*, 190 Wis. 2d at 356–57, 526 N.W.2d at 825. We observed that federal circuit courts had so held; and, although we recognized we were not bound by those decisions, we concluded that the "final decision" requirement served the important public policy of all ripeness requirements: preventing courts from "entangling themselves in abstract disagreements over administrative or legislative policies." *Id.*

*Streff* does not dispose of the issue before us because the equal protection challenge here is to the classifications in the amended ordinance, not to the preliminary decisions of a municipality on whether to approve a particular plan or request. Ripeness is a concern in the latter case, but not the former. The amended ordinance classifies the Thorps' land, so it is alleged, as agricultural property, thereby prohibiting development that would be permitted if the classification had remained rural development. Whether

at 190–91, 193–94; and pursuit of the state's inverse condemnation procedures, which might yield compensation, because the Fifth Amendment proscribes not the taking of property, but the taking of property without just compensation. *Id.* at 195. The Court applied these same requirements to the plaintiff's alternative claim that, if not a taking under the Fifth Amendment, the regulations went "too far"; were therefore an invalid means of accomplishing what can only be constitutionally accomplished through the exercise of eminent domain; and thus violated the due process clause. *Id.* at 198–200. *See also Hoepker v. City of Madison Plan Comm'n*, 209 Wis. 2d 633, 651, 563 N.W.2d 145, 152 (1997) (applying ripeness requirements of *Williamson* to a regulatory taking claim).

changing the classification of the Thorps' property in that way while not changing the classification of certain other property in the same way violates the equal protection clause is an issue that is ripe for judicial review. *See Petersen*, 136 Wis. 2d at 508, 402 N.W.2d at 380 (ripeness considerations that make regulatory taking claim premature do not foreclose broader challenge to classifications in ordinance); *see also Hager v. City of W. Peoria*, 84 F.3d 865, 870 (7th Cir. 1996) (unlike plaintiffs' taking claim that ordinance rendered their business worthless, equal protection claim that ordinance treats similarly situated businesses more favorably is ripe for adjudication).

Moreover, even if the ripeness doctrine did require the Thorps to seek a final decision by the municipality before bringing an equal protection challenge to the ordinance (and we are persuaded this is not required), they have done so by requesting a rezoning, which was denied. Considerations of ripeness do not require that a final governmental agency determination be appealed. *Williamson*, 473 U.S. at 193.[14]

---

[14] The respondents may be confusing a ripeness, or finality, requirement with that of an exhaustion requirement. As the Court in *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985), explained, while the policies underlying the two concepts do overlap, the concepts are distinct. *Id.* at 193. The finality or ripeness requirement "is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate." *Id.* For this reason, the Court's interpretation of 42 U.S.C. § 1983 as not permitting a requirement of exhaustion of administrative remedies in *Patsy v. Board of Regents*, 457

We therefore conclude that the existence of review by certiorari of the decision denying the Thorps' request for rezoning does not preclude their equal protection challenge to the ordinance.

## Substantive Due Process

For reasons different from those of the trial court and the respondents, we conclude the factual allegations challenging the validity of the ordinance do not state a claim for a denial of substantive due process under the Fourteenth Amendment.[15]

U.S. 496, 516 (1982), does not conflict with requiring that there be a final administrative decision on the application of the regulation to the property at issue. *Williamson*, 473 U.S. at 193.

[15] Because of this conclusion, we need not decide whether our reference in *Menick v. City of Menasha*, 200 Wis. 2d 737, 743, 547 N.W.2d 778, 780 (Ct. App. 1996), to *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1481 (7th Cir. 1990), means that we there adopted the Seventh Circuit's view of the criteria for a substantive due process violation in a zoning context, a view that is more restrictive than some other circuits. *See id.*; *see also Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217–19 (6th Cir. 1992) (summarizing the approach of each circuit). The Seventh Circuit's requirement, in the zoning context, that there be no adequate state remedy, including judicial review, in order to state a claim for a violation of substantive due process under the federal constitution has been criticized as extending the ripeness requirement of *Williamson County Reg'l Planning Comm'n v. Hamilton Beach*, 473 U.S. 172 (1985), by adding exhaustion requirements not permitted by *Patsy v. Board of Regents*, 457 U.S. 496 (1982). *See Forseth v. Village of Sussex*, 20 F. Supp. 2d 1267, 1273 (E.D. Wis. 1998). Also, the Seventh Circuit's view of substantive due process may conflict with our decision in *Jones v. Dane County*, 195 Wis. 2d 892, 919, 537 N.W.2d 74, 82 (Ct. App. 1995), that the existence of adequate post-deprivation state law remedies is

The Supreme Court has recently addressed a claim of substantive due process in *County of Sacramento v. Lewis*, 118 S. Ct. 1708 (1998), which concerned a high speed police chase that ended in the death of a motorcyclist. The Court described the substantive due process guarantee as protecting against "the exercise of power [by the government] without any reasonable justification in the service of a legitimate governmental objective." *Id.* at 1716 (citation omitted). It noted that the guarantee applied to both the executive and the legislative functions of government, but that the criteria identifying "what is fatally arbitrary differ depending on whether it is legislation or a specific act of a governmental officer that is at issue." *Id.* For the abuse of executive power, the Court affirmed the "shocks the conscience standard," *id.* at 1716–17, but did not discuss the criteria for "fatal arbitrariness" in the exercise of legislative power—the type of governmental power involved in the enactment of an ordinance. However, the Court did reaffirm its reluctance to expand the concept of substantive due process and its resulting rule that, if a constitutional claim arises under a specific constitutional provision, the specific provision, not the more generalized concept of substantive due process, must be the guide for analyzing the claim. *Id.* at 1714–15.

Whether and if the substantive component of the due process clause of the Fourteenth Amendment is a viable basis for challenging land use regulations, and, if so, what the requirements of such a claim are, is currently a matter of controversy among the federal circuits. There is no recent opinion from the United States Supreme Court addressing this specific issue.

a component of a procedural due process claim but not a substantive due process claim.

*See* DANIEL D. MANDELKER, LAND USE LAW § 2.39–2.43 (4th ed. 1997); 1 STEVEN H. STEINGLASS, SECTION 1983 LITIGATION IN STATE COURTS §§ 3.2(b)(3), 3.4(c) and (d)(2) (1998). However, we need not resolve this larger question in order to conclude that the Thorps' challenge to the amended ordinance does not state a claim for a violation of substantive due process.

The complaint alleges that in enacting the amendment the Town did not comply with § 60.61(4), STATS., in that it did not appoint a town zoning committee consisting of five members. However, a failure to comply with state law does not constitute a violation of the substantive component of the due process clause of the Fourteenth Amendment. *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 166–67 (7th Cir. 1994). The complaint also alleges that the Town misinterpreted and misused the survey of the resident voters, ignored their wishes, and misread the soil survey map. However, the substantive component of the due process clause does not require that the municipal body undertake any particular studies or analysis in order to justify its decision. *Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield*, 907 F.2d 239, 245 (1st Cir. 1990).

The only factual allegations that remain as a potential basis for a substantive due process challenge to the amended ordinance are the same ones supporting the equal protection claim. Following *Sacramento*, we are persuaded that we should not interpret the substantive due process clause to be simply a restatement of the elements of the Thorps' equal protection claim concerning the ordinance. We therefore conclude that the complaint does not state a claim for a violation of substantive due process.

The trial court dismissed the Town because the town board voted, two to one, to grant the Thorps' request for rezoning. The court reasoned that the Town thereby did all it could to give the Thorps the classification they sought. This reasoning may be sound with respect to any alleged constitutional deprivations occurring in the context of the Thorps' rezoning request, but it does not address the equal protection challenge to the amended ordinance. The Thorps argue that the rezoning petition was necessary because of the deprivation of their constitutional rights caused by the amended ordinance, and the complaint alleges the Town's involvement in the passage of the amendment.

The Town responds that the complaint does not state a claim for a violation of the Thorps' right to equal protection with respect to the amended ordinance. However, we have held that it does. The Town does not argue that, even if the amended ordinance did violate the equal protection rights of the Thorps, only the County, not the Town, is subject to declaratory or injunctive relief or liability for money damages.

The complaint alleges a memorandum agreement between the County and the Town to develop a revised zoning map for the Town, and activities by the town board in carrying out that agreement and requesting the county board to adopt the challenged classifications. Dismissal of a party is proper only if it is clear from the complaint that the plaintiff is entitled to no relief against that party. *See Zinn v. State,* 112 Wis. 2d 417, 423, 334 N.W.2d 67, 70 (1983). The Town has not provided us with any legal authority for the proposition that, if the Thorps succeed in proving the amended ordinance did violate their rights to equal protection,

they are entitled to no form of relief against the Town. We therefore conclude that the Town was not entitled to summary judgment on this ground.

## CONCLUSION

The trial court properly dismissed all claims against both the Town and the County except the claim that the amended ordinance violated the Thorps' right to equal protection under the Fourteenth Amendment. As to that claim, the order granting summary judgment in favor of both the Town and the County is reversed.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded.